**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jessica Coleman, et al.,<br><br>                Plaintiff(s),<br><br>vs.<br><br>Robert Telles, et al.,<br><br>              Defendant(s). | **2:24-cv-00930-APG-MDC**<br><br>**ORDER DENYING and STRIKING MOTION** |

Pending before the Court is defendant Robert Telles's *Motion to Request for Production* ("Motion") (ECF No. 37). For the reasons stated below, the Court DENIES the Motion.

**DISCUSSION**

**I.  IMPROPER FILING**

Defendant Telles filed what appears to be a Request for Production ("RFP") as a Motion. The Court finds that this is an improper filing. Requests for production, requests for admission, and interrogatories are discovery requests as addressed in Rule 5(d)(1) of the Federal Rules of Civil Procedure ("FRCP") and must not be filed with the Court until they are used in a proceeding or the Court orders filing. *See* FRCP 5(d)(1)(A); *see also* LR 26-1 ("In addition to the documents listed in Fed. R. Civ. P. 5(d)(1)(A), deposition notices and deposition transcripts must not be filed with the court until they are used in the proceeding, unless the court orders otherwise.").

Therefore, the Court will strike the RFP from the docket as it is an improper filing. District courts have authority to strike an improper filing under their inherent power to control the docket. *E.g., Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Metzger v. Hussman*, 682 F. Supp. 1109, 1110-11 (D. Nev. 1988). "Striking material under the Court's inherent power is wholly discretionary." *Fed. Nat'l Mortg. Assoc. v. Willis*, 2016 U.S. Dist. LEXIS 142521, 2016 WL 11247554, at *1 (D. Nev. Oct. 14, 2016). Courts also have a general duty to avoid deciding unnecessary issues. *See, e.g., U.S. SEC & Exch. Comm'n v. Jensen*, 835 F.3d 1100, 1113 n.6 (9th Cir. 2016).

## II. DISCOVERY MOTION

To the extent that defendant intended to file a motion to compel, the Court denies the Motion. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'"). The Court finds that [1] there was no meet and confer as required by the local rules and [2] the Motion was filed in violation of the Standing Order (ECF No. 30).

### A. DEFENDANT DID NOT MEET AND CONFER

The Court finds that there has been a lack of a meet and confer, as required by LR 26-6 and LR IA 1-3(f). The relevant portions of LR 26-6 and LR IA 1-3 provide:

> Discovery motions will not be considered unless the movant (1) has made a good-faith effort to **meet and confer** as defined in LR IA 1-3(f) before filing the motion, and (2) **includes a declaration** setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

LR 26-6(c) (emphasis added).

> Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. **This requirement is reciprocal and applies to all participants.** Unless these rules or a court order provide otherwise, this requirement may only be satisfied through **direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference.** The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.

LR IA 1-3(f) (emphasis added).

> A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention.

LR IA 1-3(f)(2).

Defendant failed to certify that a meet and confer took place regarding the expert disclosure. There is no declaration or otherwise to show that parties conferred about these issues, to the extent there are any, before defendant filed this motion. Therefore, the Court finds that this filing is improper.

**B.  DEFENDANT DID NOT COMPLY WITH THE STANDING ORDER**

To the extent defendant filed a discovery related motion, the Court finds that defendant failed to comply with the Standing Order (ECF No. 30) regarding discovery disputes and the "Motion" (ECF No. 37) was filed in violation of such order.

ACCORDINGLY,

**IT IS ORDERED that** the *Motion to Request for Production* (ECF No. 37) is DENIED and STRICKEN.

DATED this 19ᵗʰ day of December 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney,

or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.