UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESSICA COLEMAN, et al., | Case No.: 2:24-cv-00930-APG-MDC |
| Plaintiffs | **Order Granting in Part Motion to Dismiss Counterclaims** |
| v. | [ECF No. 32] |
| ROBERT TELLES, et al., | |
| Defendants | |

Plaintiffs/counter-defendants Jessica Coleman, Aleisha Goodwin, Noraine Pagdanganan, and Rita Reid sue Robert Telles and Clark County for claims arising out of their employment with the Clark County Public Administrator's Office (PAO) while Telles was the Public Administrator. Telles filed counterclaims against them for abuse of process, intentional infliction of emotional distress (IIED), and civil conspiracy. The counter-defendants move to dismiss the counterclaims on a variety of grounds.

The parties are familiar with the facts, so I repeat them here only as necessary to resolve the motion. I dismiss the abuse of process claim because that claim cannot be based solely on the counter-defendants filing the complaint in this case. I dismiss the IIED claim because Telles has not plausibly alleged severe emotional distress, he has not adequately given each counter-defendant fair notice of what she is alleged to have done wrong with respect to this claim, and some of the conduct is not extreme and outrageous. I dismiss the civil conspiracy claim against Coleman and Pagdanganan because the counterclaim does not allege what they did to be liable on this claim. But I deny the motion to dismiss the civil conspiracy claim against Goodwin and Reid because they argue only that the claim is implausible, but the counterclaim's allegations are not so implausible that the claim should be dismissed. I grant Telles leave to.

# I. ANALYSIS

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. Abuse of Process (counterclaim one)

The counter-defendants argue this counterclaim fails because it is based on them filing the complaint in this case, and filing a complaint cannot support an abuse of process claim. Telles responds that "[w]here plaintiffs bring false claims to seek a settlement based on the consideration of the cost of litigation or public embarrassment, that is an abuse of process." ECF No. 33 at 5. He also argues that he sufficiently alleges that the complaint's allegations are false, and that suffices to allege that the counter-defendants brought this suit with an improper purpose.

Under Nevada law, "[t]o support an abuse of process claim, a claimant must show (1) an ulterior purpose by the party abusing the process other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *Land Baron Inv. v. Bonnie Springs Fam. LP*, 356 P.3d 511, 519 (Nev. 2015) (simplified). "[F]iling a complaint does not constitute abuse of process," because filing a complaint is not "a willful act that would not be proper in the regular conduct of the proceeding." *Id.* (simplified).

The counterclaim alleges that the counter-defendants "filed suit in this matter with the knowledge that the claims made in their suit were false." ECF No. 31 at 12. I grant the counter-defendants' motion to dismiss this claim because it is based solely on them filing the complaint in this action. I grant Telles leave to amend if he has a factual basis to allege abuse of process based on something other than the counter-defendants filing the complaint. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." (simplified)).

### B. IIED (counterclaim two)

#### 1. Failure to State a Claim

The counter-defendants assert that they cannot tell what each of them has done to support this claim against them. They also argue that Telles has not alleged that each acted with the requisite intent. And they contend that appearing at hearings related to the criminal charges against Telles wearing red clothing and glaring at him is not extreme and outrageous conduct. Reid and Goodwin assert that to the extent this claim is based on them falsely accusing him of being involved in a bribery scheme, "the obvious explanation is that they did so because they had reason to believe he was." ECF No. 32 at 10. Finally, they contend that his allegations are too conclusory to support emotional distress and that there are other explanations for any emotional distress he was experiencing during his criminal proceedings.

Telles responds that since his arrest, the counter-defendants have published false claims that he sexually harassed them or otherwise engaged improperly towards employees. He contends they intended to cause him "severe emotional distress and a loss of his freedom by attempting to falsely turn public opinion against [him] for alleged bad acts as a supervisor." ECF

No. 33 at 5. He asserts that creating and publicizing false sexual harassment claims is extreme and outrageous. Finally, he contends that because he is incarcerated, he has no bills to prove emotional distress, but the counter-defendants' conduct is so outrageous, he does not need that proof to overcome their motion to dismiss.

To state a plausible IIED claim under Nevada law, Telles must allege "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) severe or extreme emotional distress suffered by the plaintiff; and (3) actual or proximate causation." *Jordan v. State ex rel. Dep't of Motor Vehicles and Pub. Safety*, 110 P.3d 30, 52 (Nev. 2005) (en banc), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670 (Nev. 2008) (en banc). I make the initial determination as to whether a reasonable jury could find conduct to be extreme and outrageous. *See Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993) (citing Restatement (Second) of Torts § 46 cmts. h, j) ("[W]hether defendants['] conduct may reasonably be regarded as so extreme and outrageous as to permit recovery are questions for the Court to answer."). Extreme and outrageous conduct "is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (internal quotations and citation omitted). But "persons must necessarily be expected and required to be hardened . . . to occasional acts that are definitely inconsiderate and unkind." *Id.* (internal quotations and citation omitted). IIED liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Welder v. Univ. of S. Nev.*, 833 F. Supp. 2d 1240, 1246 (D. Nev. 2011) (internal quotations and citation omitted).

Furthermore, "in cases where emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred

4

or, in the absence of a physical impact, proof of serious emotional distress causing physical injury or illness must be presented." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998) (simplified). The physical impact requirement may not be satisfied by pleading "general physical or emotional discomfort." *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 483 (Nev. 1993); *see also Kennedy v. Carriage Cemetery Servs., Inc.*, 727 F. Supp. 2d 925, 933 (D. Nev. 2010) (finding that insomnia, nightmares, general nervousness, and "a purely emotionally upsetting situation" are insufficient to support an IIED claim under Nevada law, and explaining that objectively verifiable evidence, like a need for "psychiatric assistance or medication," are necessary to meet the physical manifestation requirement). Nevada uses a sliding scale approach. *Franchise Tax Bd. of Cal. v. Hyatt*, 335 P.3d 125, 148 (Nev. 2014) (en banc), *overruled on other grounds by Franchise Tax Bd. of Cal. v. Hyatt*, 578 U.S. 171 (2016). When the alleged conduct is less extreme, the plaintiff must allege more objectively verifiable indicia of distress and vice versa. *Id.* There is no requirement that a plaintiff must allege a medical diagnosis or be prescribed medication. *Id.* Other objectively verifiable indicia, such as allegations of behavioral changes, may suffice. *Id.* at 149.

Telles' IIED claim is based on the counter-defendants publicly making "numerous false allegations as to [his] conduct and character . . . with the intent to cause [him] extreme emotional distress." ECF No. 31 at 13. Telles alleges five different categories of extreme and outrageous conduct. First, he alleges that the "[c]ounter-defendants met with reporter Jeffery German and made false claims to him about turmoil in the office and hostility by Telles," which German then published in a news article.[1] *Id.* at 10. Second, he alleges that Reid and Goodwin spoke with a

---

[1] I do not discuss here the 2020 complaints that Goodwin and Reid filed against Telles because, as discussed below, allegations related to this conduct are time-barred.

5

police detective and "falsely alleged that [Telles] was engaged in a bribery scheme," and "convinced a realtor/former police lieutenant to make a false bribery allegation to the detective they had contacted." *Id.* at 11. Third, Telles alleges that after he was arrested for murdering German, the counter-defendants "created new false allegations as time went on," including "sexual harassment and [i]ntimidation," which they publicized through the media. *Id.* Fourth, he alleges that the counter-defendants would appear at his criminal hearings wearing red clothing and glaring at him. *Id.* Fifth, he alleges the counter-defendants filed the complaint in this case, which makes false allegations that he engaged in unlawful behavior. *Id.* He alleges the counter-defendants "intended to, and have, caused [him] severe emotional distress with their false allegations of unlawful behavior," and they intended to create public bias against him before his criminal trial. *Id.* at 11-12. According to the counterclaim, Telles has "suffered extreme emotional distress" that was exacerbated by his family members' emotional distress over these public accusations. *Id.* at 13.

      As an initial matter, Telles has not adequately alleged severe emotional distress. He makes only the conclusory allegation that he has suffered extreme emotional distress. But even under Nevada's sliding scale approach, Telles must allege facts of at least some objective indicia that he suffered severe emotional distress. He does not necessarily have to allege that he incurred medical bills, so his incarcerated status does not preclude him from adequately alleging this element. I therefore dismiss this claim with leave to amend. Because I am granting Telles leave to amend, I address the counter-defendants' other arguments for dismissal to ensure that amendment would not be futile and to guide Telles in amending his counterclaim.

      Telles asserts the IIED claim against all four counter-defendants but does not parse out who did what sufficiently for each plaintiff to be on fair notice of what she purportedly did

wrong. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (stating that a complaint "must give the defendant fair notice of what the claim is and the grounds upon which it rests" (simplified)).  For example, it is not clear whether Telles is asserting that all four counter-defendants met with German, whether he is contending Coleman and Pagdanganan had some involvement in the bribery allegation, and who was involved in the post-arrest allegations of sex discrimination and intimidation.

With respect to whether the alleged conduct is extreme and outrageous, making false claims to a reporter about office turmoil and a supervisor being "hostile," without more, is not extreme and outrageous conduct.  Likewise, appearing at a public criminal proceeding wearing red clothing and glaring is not extreme and outrageous.  While these insults and indignities may be inconsiderate and unkind, they do not rise to the level of extreme and outrageous.  I grant Telles leave to amend if he has additional facts to allege, specifically with respect to what a counter-defendant said to German.

In contrast, a reasonable jury could conclude that falsely accusing a public official of being involved in bribery and sexually harassing subordinates is extreme and outrageous. Additionally, intent can be alleged generally under Federal Rule of Procedure 9(b).  In any event, it is reasonable to infer at the pleading stage that a person making false allegations of bribery and sexual harassment is acting with at least reckless disregard for causing emotional distress. Although Goodwin and Reid assert that if they accused Telles of bribery, it was because they believed it, that is a fact question not suitable for resolution at the dismissal stage.  Likewise, their argument that other events in Telles' life were causing him emotional distress is an argument for another day.

/ / / /

### 2. Timeliness

The counter-defendants argue that Telles filed his counterclaim on September 18, 2024, so any conduct that took place more than two years prior is time-barred, such as Goodwin and Reid's complaint to the Clark County Office of Diversity in 2020. Telles does not respond.

"A claim may be dismissed as untimely pursuant to a [Federal Rule of Civil Procedure] 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (simplified). A limitations period begins to run "from the day the cause of action accrued." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997) (per curiam). A cause of action generally accrues "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815, 817 (Nev. 2004) (en banc) ("A cause of action 'accrues' when a suit may be maintained thereon." (quotation omitted)). Nevada has adopted the discovery rule, and thus time limits generally "do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997). IIED is governed by a two-year statute of limitations. Nev. Rev. Stat § 11.190(e).

Telles did not respond to this argument, so it appears that he concedes that any conduct prior to September 18, 2022 is time-barred. His counterclaim does not suggest a basis to extend the limitation period, nor does he argue any basis to do so in his opposition. Given that he alleges he was aware of the complaints that Goodwin and Reid filed against him in 2020 because he disputed them at the time, there does not appear to be a basis to extend the limitation period to

cover this allegation. ECF No. 31 at 8.  However, because I am granting Telles leave to amend this claim, I also grant him leave to amend to add facts as to why any conduct prior to September 18, 2022 would not be time-barred.

### C. Civil Conspiracy (counterclaim three)

The counter-defendants argue that it is unclear who this claim is against, but they assume it is against only Goodwin and Reid based on the allegation that they conspired to make false bribery allegations against Telles.  Goodwin and Reid argue that I should dismiss this claim because it is implausible that they agreed to make a false allegation and "convinced experienced [police] detectives that it was true, all in the hopes that the allegations would end up published by independent media outlets over which they have no control." ECF No. 32 at 11-12.

Telles responds that I must accept his allegations as true at this stage of the proceedings, and the allegation is not implausible because the detective testified at Telles' criminal trial that Reid and Goodwin contacted him regarding the bribery allegation.  Telles asserts that, on information and belief, Coleman and Pagdanganan "conferred and assented to" Reid and Goodwin's actions. ECF No. 33 at 6.

Under Nevada law, "civil conspiracy liability may attach where two or more persons undertake some concerted action with the intent to commit an unlawful objective, not necessarily a tort." *Cadle Co. v. Woods & Erickson, LLP*, 345 P.3d 1049, 1052 (Nev. 2015).  I deny the motion as to Goodwin and Reid because Telles' allegations are not so implausible as to justify dismissal.  However, I grant the motion as to Coleman and Pagdanganan because the counterclaim does not plausibly allege a basis for their liability on this claim.  Although Telles states in his response brief that on information and belief they were somehow involved, he does not allege that in the counterclaim.  Additionally, "a plaintiff may plead facts on information and

belief where the belief is based on factual information that makes the inference of culpability plausible." *Waln v. Dysart Sch. Dist.*, 54 F.4th 1152, 1161 (9th Cir. 2022) (quotation omitted). Telles has not alleged facts that make it plausible to infer Coleman and Pagdanganan were involved in a conspiracy to make false bribery allegations, nor does he state the basis for alleging on information and belief that they were. I grant Telles leave to amend this claim as to Coleman and Pagdanganan if he has facts to do so.

**II. CONCLUSION**

I THEREFORE ORDER that the plaintiffs/counter-defendants' motion to dismiss **(ECF No. 32) is GRANTED in part**. The abuse of process and intentional infliction of emotional distress counterclaims are dismissed as to all counter-defendants, and the civil conspiracy claim is dismissed as to counter-defendants Jessica Coleman and Noraine Pagdanganan. The motion is denied as to the civil conspiracy claim against counter-defendants Aleisha Goodwin and Rita Reid.

I FURTHER ORDER that Robert Telles may file an amended counterclaim by March 4, 2025. If Telles does not file an amended counterclaim by that date, the civil conspiracy counterclaim against Goodwin and Reid will proceed as the only counterclaim.

DATED this 5th day of February, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE