ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
CRISTINA A. PHIPPS, ESQ. (#16440)
CORY M. FORD, ESQ. (#15042)
3005 West Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
taylor@lagomarsinolaw.com
cristina@lagomarsinolaw.com

JULIE RAYE, ESQ. (#10967)
8350 W. Sahara Ave., Suite 110
Las Vegas, Nevada 89117
Telephone: (702) 478-7600
Facsimile: (702) 366-1653
julie@thegracelawfirm.com
*Attorneys for Plaintiffs*

*LAGOMARSINO LAW*
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JESSICA COLEMAN, an individual; ALEISHA GOODWIN, an individual; NORAINE PAGDANGANAN, an individual; and RITA REID, an individual;<br><br>    Plaintiffs,<br><br>vs.<br><br>ROBERT TELLES, an individual; and CLARK COUNTY, a political subdivision of the State of Nevada;<br><br>    Defendants.<br><br>AND ALL RELATED CLAIMS. | CASE NO: 2:24-CV-00930-APG-MDC<br><br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(3rd Request)** |

IT IS HEREBY STIPULATED AND AGREED between the parties and their undersigned attorneys that the discovery cut-off date of June 30, 2025, be continued for a period of one hundred and twenty (120) days from the Court's prior Order (ECF No. 41), up to and including **October 28, 2025**, for the purpose of allowing the parties to complete written

discovery, complete the depositions of the remaining parties, experts, and lay witnesses, and any other discovery the parties wish to conduct.

## I.    DISCOVERY COMPLETED TO DATE

The parties have completed the following discovery to date:

- Disclosure of Documents:
    - o The Parties exchanged their initial Rule 26 Disclosures.
    - o Defendant Clark County served its first supplemental disclosure on January 8, 2025.
    - o Defendant Clark County served its second supplemental disclosure on February 14, 2025.
    - o Defendant Clark county served its third supplemental disclosure on February 24, 2025.
    - o Plaintiffs served its first supplemental disclosures on March 25, 2025.
    - o Defendant Clark County served its fourth supplemental disclosures on April 3, 2025.
- Written Discovery:
    - o Defendant Telles served his first set of requests for admission to Plaintiff Pagdanganan on September 25, 2024. Plaintiff Pagdanganan served her responses on November 6, 2024. On January 15, 2025, Plaintiff Pagdanganan served her supplemental responses to Defendant Telles' first set of requests for admission.
    - o Plaintiffs served an initial set of discovery (interrogatories, requests for production of documents, and requests for admission) to Defendants Telles and Clark County on December 6, 2024. Defendant Telles served his responses to Plaintiff Goodwin, Coleman, and Pagdanganan's requests for admission on January 9, 2025. Defendant Telles served his responses to Plaintiff Reid's requests for admission on January 13, 2025. Defendant Telles served his responses to Plaintiffs requests for production of documents and interrogatories on January 16, 2025. Defendant Clark County served its responses to Plaintiffs requests for admission and interrogatories on February 7, 2025 and served its responses to request for production of documents on February 14, 2025. Defendant Clark County served its first supplemental responses to Plaintiff Reid's first set of requests for production of documents on April 3, 2025.
    - o Defendant Telles served his first set of requests for production of documents to Defendant Clark County on December 6, 2024. Clark County served its responses on January 6, 2025. On February 14, 2025, Defendant Clark County served its first supplemental responses.
    - o Defendant Telles served his second set of requests for production of documents to Defendant Clark County on January 16, 2025. Defendant Clark County served its responses on March 3, 2025.
    - o Defendant Telles served his first set of requests for production of documents to Plaintiffs on January 16, 2025. Plaintiffs served their responses on March 10, 2025.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

- o Defendant Telles served his first set of requests for admissions to Plaintiff Coleman and Goodwin on March 24, 2025.
- o Defendant Clark County served its first set of discovery requests (interrogatories, requests for production of documents, and requests for admission) to Plaintiffs on March 26, 2025.

## II. DISCOVERY YET TO BE COMPLETED

The Parties have yet to complete the following discovery (individual or 30(b)(6) designees);

- The depositions of the remaining named parties;

- The depositions of fact witnesses;

- Subpoenas *duces tecum* and the depositions of third party percipient witnesses;

- Expert witness disclosures and expert witness depositions;

- Additional written discovery which may include written discovery to one another and/or additional subpoenas to third parties; and

- Any additional discovery the parties wish to conduct.

The Parties reserve the right to conduct additional discovery that is permitted by the Federal Rules of Civil Procedure.

## III. REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

While the parties have been diligent in conducting discovery in this matter, the following issues have been unavoidable:

On March 7, 2025, parties participated in an Early Neutral Evaluation ("ENE") and were unable to reach settlement. *See* ECF No. 52. Prior to the ENE, Defendant Clark County disclosed approximately nineteen thousand (19,000) documents in response to Plaintiffs' Requests for Production of Documents. Following a conversation with counsel for Defendant Clark County, Plaintiffs' counsel understands that this is not the full extent of responsive documents and that the County is still working to identify, review and produce the remaining responsive documents. In the interest of being as timely as possible given the extensive documentation production in this case, the remaining parties stipulate to extend all discovery deadlines.

Additionally, Plaintiffs' counsel will be out of the jurisdiction with no access to email

for five (5) days in the second half of April as well as for a few days in May. During that same time period, Plaintiffs' counsel anticipates approximately five (5) depositions in a separate case which will require significant prep time. Further, counsel for Clark County is scheduled for a federal trial in front of Judge Boulware, which is set to begin on May 5, 2024, and is expected to last approximately eight (8) days.

Additionally, given Robert Telles's status as an incarcerated individual, timely communication has been a challenge. To date, Mr. Telles has largely chosen to communicate via letter, which naturally involves a lag between time of sending and time of arrival. As seen by this Court, the limited communication with Mr. Telles can lead to misunderstandings as to the nature of agreements between the Parties, despite everyone's best efforts. This has impacted discovery requests, responses, production, and general review. Lastly, Telles has had inconsistent access to the law library and limited time to review the discovery produced in this case so far.

## IV.    LEGAL STANDARDS AND ARGUMENT

### A.    Standard to Extend Discovery Deadlines

To prevail on a request to amend a scheduling order under Fed. R. Civ. P. 16(b), a movant must establish good cause for doing so. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608-09 (9th Cir. 1992); *see also* Local Rule 26-3. Good cause to extend discovery cutoffs exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* at 609. Additionally, all motions or stipulations to extend deadlines set forth in the discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. Local Rule 26-3.

Late motions or stipulations should only be granted if the movant demonstrates that the failure to act was the result of excusable neglect. *Id.* The determination of whether neglect is excusable depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. U.S. Postal Service,* 231 F.3d 1220,

LAGOMARSINO LAW

3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

1223-24 (9th Cir. 2000). This determination is ultimately an equitable one that takes into account all the relevant circumstances surrounding the party's omission. *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 395 (1993).

> **B.    There Exists Good Cause to Extend Discovery Deadlines in this Case**

The instant case has six parties: four plaintiffs and two defendants. Defendant Telles is currently incarcerated and proceeding in this matter *pro se,* making communication difficult. These circumstances led to miscommunication between the Parties regarding the proposed discovery deadline extension which was outlined in the April 8, 2025 stipulation. Additionally, Defendant Telles has filed counterclaims against each Plaintiff. At present, there are three motions to dismiss pending before the Court, the outcomes of which will impact the type and extent of discovery conducted in this case. Given the breadth of the claims in this case, discovery will be extensive and costly. The Parties anticipate at least six (6) party depositions, several depositions of other pertinent fact witnesses, written discovery directed towards and on behalf of six parties, and two to three experts per party. The Parties wish to avoid costs associated with discovery that is ultimately determined to be moot because the claims it relates to were dismissed.

There are many moving parts to this case which are likely to impact the course of discovery. It is financially prudent for all parties to receive decisions on the pending motions to dismiss. Additionally, there is a massive amount of discovery being produced in this case which requires more time than is currently scheduled to properly review and produce. As such, there is good cause to extend all discovery deadlines.

> **C.    The Late Motion to Extend Discovery Deadlines is a Result of Excusable Neglect and Should not Keep the Court from Granting the Parties' Request.**

The Parties' late Motion, as it relates to the deadline to amend pleadings and add parties specifically, is a result of excusable neglect and should be granted by the Court despite its timing. There is little risk of prejudice to any Party and, to the extent some may exist, all Parties agree to extend the discovery deadlines as proposed herein. There is actually less risk of prejudice to

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

the Parties by extending the discovery deadlines because it avoids potentially unnecessary costs and expenses associated with discovery and provides all Parties with sufficient time review the discovery produced thus far. Regarding the length of the delay and its potential impact on the proceedings, the Parties seek a one hundred twenty (120) day extension of the discovery deadlines. There is currently no trial date set for this matter, so the extension will not impact trial preparations or the Court's schedule. Finally, as discussed above, the Parties are acting in good faith and requesting this extension due to the unique circumstances of this case: numerous parties, an incarcerated Defendant (and the communication difficulties that causes), extensive claims which require extensive discovery, and several pending Motions to Dismiss. Given these factors, the Parties respectfully request that the Court find the instant late Motion a result of excusable neglect and grant a one hundred and twenty (120) day extension to all discovery deadlines.

**V.    PROPOSED EXTENDED DEADLINES**

|  | Current | Proposed |
|---|---|---|
| Discovery cut-off | 6/30/25 | Tuesday, October 28, 2025 |
| Deadline to amend pleadings and add parties | 3/31/25 | Tuesday, July 29, 2025 |
| Deadline for initial expert disclosures | 4/30/25 | Thursday August 28, 2025 |
| Deadline for rebuttal expert disclosures | 6/2/25 | Tuesday, September 30, 2025 |
| Deadline to file dispositive motions | 7/29/25 | Wednesday, November 26, 2025 |
| Deadline to file pre-trial order | 8/28/25 | Friday, December 26, 2025 or 30 days after the dispositive motions have been decided. |

. . .

. . .

Trial is not yet set in this matter and dispositive motions have not yet been filed. Accordingly, this extension will not delay this case. Since this request is a joint request, no party will be prejudiced.

The extension will allow the parties the necessary time to complete discovery.

**IT IS SO STIPULATED AND AGREED.**

DATED this 22nd day of April, 2025.

**LAGOMARSINO LAW**

/s/ *Taylor N. Jorgensen*
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
*Attorneys for Plaintiffs*

DATED this 22nd day of April, 2025.

**ROBERT TELLES**

/s/ *Robert Telles*[1]
Inmate No. 1290264
High Desert State Prison
PO Box 650
Indian Springs, NV 89070
*Pro Se*

DATED this 22nd day of April, 2025.

**MARQUIS AURBACH**

/s/ *Tabetha J. Steinberg*
NICK D. CROSBY, ESQ. (#8996)
TABETHA J. STEINBERG, ESQ. (#16756)
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
*Attorneys for Defendant Clark County*

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
DATED: 4/29/2025

---

[1] On April 16, 2025, Robert Telles verbally consented to attaching his electronic signature to the Stipulation to Extend Deadlines (3rd Request).

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065