**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JESSICA COLEMAN, et al., | Case No.: 2:24-cv-00930-APG-MDC |
| Plaintiffs | **Order Denying Motion to Stay Distribution of Settlement Funds** |
| v. | [ECF No. 84] |
| ROBERT TELLES, et al., | |
| Defendants | |

Defendant/counterclaimant Robert Telles moves for an injunction precluding counsel for plaintiffs Jessica Coleman, Aleisha Goodwin, and Rita Reid from disbursing settlement funds these plaintiffs receive from settling with defendant Clark County until Telles' counterclaims against these plaintiffs are resolved. Telles argues the funds should be kept in an interest-bearing "blocked account" so the plaintiffs cannot "spend away the funds" and prevent Telles from recovering from them. ECF No. 84 at 11.

Coleman, Goodwin, and Reid respond that although Clark County made offers of judgment to all four original plaintiffs, only plaintiff Noraine Pagdanganan accepted. They argue that because Coleman, Goodwin, and Reid did not accept the settlement offer, there is nothing to distribute, and thus nothing to restrain. Clark County notes that Telles apparently does not seek an injunction against it, but it opposes Telles's motion, arguing that Telles has not shown a likelihood of irreparable harm. In reply, Telles argues that even if Coleman, Goodwin, and Reid rejected Clark County's offer of judgment, an injunction is nevertheless "proper to ensure that if and when Plaintiffs do accept a settlement offer, they cannot spend away the proceeds before satisfying a judgment in Telles's favor." ECF No. 89 at 2.

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

I deny Telles's motion because he has not shown a likelihood of irreparable harm. Coleman, Goodwin, and Reid did not accept Clark County's offer of judgment, so there are no settlement funds they can expend before Telles's counterclaims against them can be resolved. *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (stating that "a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief").  Likewise, Telles's speculation that maybe they will accept a settlement offer in the future does not support an injunction at this time. *See id.* ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."); *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) (stating that a plaintiff "must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction").

I THEREFORE ORDER that defendant/counterclaimant Robert Telles's motion to stay distribution of settlement funds **(ECF No. 84) is DENIED**.

DATED this 27th day of June, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE