ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
CRISTINA A. PHIPPS, ESQ. (#16440)
CORY M. FORD, ESQ. (#15042)
3005 West Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
taylor@lagomarsinolaw.com
cristina@lagomarsinolaw.com

JULIE RAYE, ESQ. (#10967)
8350 W. Sahara Ave., Suite 110
Las Vegas, Nevada 89117
Telephone: (702) 478-7600
Facsimile: (702) 366-1653
julie@thegracelawfirm.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JESSICA COLEMAN, an individual; ALEISHA GOODWIN, an individual; NORAINE PAGDANGANAN, an individual; and RITA REID, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT TELLES, an individual; and CLARK COUNTY, a political subdivision of the State of Nevada;<br><br>Defendants.<br>AND ALL RELATED CLAIMS. | CASE NO: 2:24-CV-00930-APG-MDC<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(4th Request)** |

IT IS HEREBY STIPULATED AND AGREED between the parties and their undersigned attorneys that the discovery cut-off date of October 28, 2025, be continued for a period of ninety (90) days from the Court's prior Order (ECF No. 80), up to and including **January 26, 2025**, for the purpose of allowing the parties to complete written discovery,

complete the depositions of the remaining parties, experts, and lay witnesses, and any other discovery the parties wish to conduct.

**I.      DISCOVERY COMPLETED TO DATE**

The parties have completed the following discovery to date:

- Disclosure of Documents:
    - The Parties exchanged their initial Rule 26 Disclosures.
    - Defendant Clark County served its first supplemental disclosure on January 8, 2025.
    - Defendant Clark County served its second supplemental disclosure on February 14, 2025.
    - Defendant Clark county served its third supplemental disclosure on February 24, 2025.
    - Plaintiffs served its first supplemental disclosures on March 25, 2025.
    - Defendant Clark County served its fourth supplemental disclosures on April 3, 2025.
    - Plaintiffs served their second supplemental disclosures on May 29, 2025.
    - Plaintiffs served their third supplemental disclosures on June 24, 2025.
- Written Discovery:
    - Defendant Telles served his first set of requests for admission to Plaintiff Pagdanganan on September 25, 2024. Plaintiff Pagdanganan served her responses on November 6, 2024. On January 15, 2025, Plaintiff Pagdanganan served her supplemental responses to Defendant Telles' first set of requests for admission.
    - Plaintiffs served an initial set of discovery (interrogatories, requests for production of documents, and requests for admission) to Defendants Telles and Clark County on December 6, 2024. Defendant Telles served his responses to Plaintiff Goodwin, Coleman, and Pagdanganan's requests for admission on January 9, 2025. Defendant Telles served his responses to Plaintiff Reid's requests for admission on January 13, 2025. Defendant Telles served his responses to Plaintiffs requests for production of documents and interrogatories on January 16, 2025. Defendant Clark County served its responses to Plaintiffs requests for admission and interrogatories on February 7, 2025 and served its responses to request for production of documents on February 14, 2025. Defendant Clark County served its first supplemental responses to Plaintiff Reid's first set of requests for production of documents on April 3, 2025.
    - Defendant Telles served his first set of requests for production of documents to Defendant Clark County on December 6, 2024. Clark County served its responses on January 6, 2025. On February 14, 2025, Defendant Clark County served its first supplemental responses.
    - Defendant Telles served his second set of requests for production of documents to Defendant Clark County on January 16, 2025. Defendant Clark County served its responses on March 3, 2025.

- Defendant Telles served his first set of requests for production of documents to Plaintiffs on January 16, 2025. Plaintiffs served their responses on March 10, 2025.
- Defendant Telles served his first set of requests for admissions to Plaintiff Coleman and Goodwin on March 24, 2025.
- Defendant Clark County served its first set of discovery requests (interrogatories, requests for production of documents, and requests for admission) to Plaintiffs on March 26, 2025.
- Defendant Telles served his responses to Defendant Clark County's first set of interrogatories on May 9, 2025.
- Plaintiff Goodwin served her responses to Defendant Clark County's first set of interrogatories and requests for admission on May 22, 2025.
- Plaintiff Coleman served her responses to Defendant Clark County's first set of interrogatories and requests for admission on May 22, 2025.
- Plaintiff Pagdanganan served her responses to Defendant Clark County's first set of interrogatories and requests for admission on May 22, 2025.
- Plaintiff Reid served her responses to Defendant Clark County's first set of interrogatories and requests for admission on May 22, 2025.
- Plaintiffs Goodwin, Coleman, and Pagdanganan served their responses to Defendant Clark County's first set of requests for production of documents on May 29, 2025.
- Plaintiff Goodwin served her supplemental responses to Defendant Clark County's first set to interrogatories on May 29, 2025.
- Plaintiffs Goodwin and Coleman served their first supplemental responses to Defendant Telles's first set of interrogatories on June 12, 2025.
- Defendant Telles served his first set of requests for admissions to Plaintiff Reid on June 26, 2025.
- Defendant Telles served his second set of requests for admissions to Plaintiff Goodwin on June 26, 2025.

## II.   DISCOVERY YET TO BE COMPLETED

The Parties have yet to complete the following discovery (individual or 30(b)(6) designees);

- The depositions of the remaining named parties;
- The depositions of fact witnesses;
- Subpoenas *duces tecum* and the depositions of third party percipient witnesses;
- Expert witness disclosures and expert witness depositions;
- Additional written discovery which may include written discovery to one another and/or additional subpoenas to third parties; and
- Any additional discovery the parties wish to conduct.

Page 3 of 8

The Parties reserve the right to conduct additional discovery that is permitted by the Federal Rules of Civil Procedure.

**III.     REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED**

While the parties have been diligent in conducting discovery in this matter, the following issues have been unavoidable:

Given Robert Telles's status as an incarcerated individual, timely communication has been a challenge. To date, Mr. Telles has largely chosen to communicate via letter, which naturally involves a lag between time of sending and time of arrival. This has impacted discovery requests, responses, production, and general review. Lastly, Telles has had inconsistent access to the law library and limited time to review the discovery produced in this case so far.

Additionally, Plaintiffs have sent deposition subpoenas to four (4) fact witnesses and have scheduled them in August. One of the material witnesses, Jeff Wells, is unavailable to have his deposition taken until September. Further, counsel for Plaintiffs and for Defendant Clark County have limited and conflicting availability during July and August, making scheduling difficult. Ultimately, however, the deposition of Jeff Wells needs to be completed prior to the disclosure of expert reports, which are currently due on August 28, 2025.

Finally, it is Plaintiffs' understanding that Defendant Clark County's counsel is still reviewing a large number of documents for production. These documents are necessary to have prior to depositions of the subpoena-ed witnesses. As such, this request for extension is proper and not for the purpose of delay nor made in bad faith.

**IV.     LEGAL STANDARDS AND ARGUMENT**

**A.     Standard to Extend Discovery Deadlines**

To prevail on a request to amend a scheduling order under Fed. R. Civ. P. 16(b), a movant must establish good cause for doing so. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608-09 (9th Cir. 1992); *see also* Local Rule 26-3. Good cause to extend discovery cutoffs exists "if it cannot reasonably be met despite the diligence of the party seeking the extension."

*Id.* at 609. Additionally, all motions or stipulations to extend deadlines set forth in the discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. Local Rule 26-3.

Late motions or stipulations should only be granted if the movant demonstrates that the failure to act was the result of excusable neglect. *Id.* The determination of whether neglect is excusable depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. U.S. Postal Service,* 231 F.3d 1220, 1223-24 (9th Cir. 2000). This determination is ultimately an equitable one that takes into account all the relevant circumstances surrounding the party's omission. *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 395 (1993).

**B.     There Exists Good Cause to Extend Discovery Deadlines in this Case**

The instant case has five parties: three plaintiffs, one defendant, and one counterclaimant. Counterclaimant Telles is currently incarcerated and proceeding in this matter *pro se,* making communication and document production difficult. At present, there are three motions to dismiss pending before the Court, the outcomes of which will impact the type and extent of discovery conducted in this case. Given the breadth of the claims in this case, discovery will be extensive and costly. The Parties anticipate at least five (5) party depositions, several depositions of other pertinent fact witnesses, written discovery directed towards and on behalf of five parties, and two to three experts per party. The Parties wish to avoid costs associated with discovery that may ultimately determined to be moot because the claims it relates to were dismissed.

There are many moving parts to this case which are likely to impact the course of discovery. It is financially prudent for all parties to receive decisions on the pending motions to dismiss. Additionally, there is a massive amount of discovery being produced in this case which requires more time than is currently scheduled to properly review and produce. As such, there is good cause to extend all discovery deadlines.

## V. PROPOSED EXTENDED DEADLINES

|  | Current | Proposed |
|---|---|---|
| Discovery cut-off | 10/28/25 | Monday January 26, 2026 |
| Deadline to amend pleadings and add parties | 7/29/25 | Monday October 27, 2025 |
| Deadline for initial expert disclosures | 8/28/25 | Wednesday November 26, 2025 |
| Deadline for rebuttal expert disclosures | 9/30/25 | Monday December 29, 2025 |
| Deadline to file dispositive motions | 11/26/25 | Tuesday February 24, 2026 |
| Deadline to file pre-trial order | 12/26/25 | Thursday March 26, 2026, or 30 days after the dispositive motions have been decided. |

. . .

. . .

. . .

. . .

. . .

. . .

Trial is not yet set in this matter and dispositive motions have not yet been filed. Accordingly, this extension will not delay this case. Since this request is a joint request, no party will be prejudiced. The extension will allow the parties the necessary time to complete discovery.

**IT IS SO STIPULATED AND AGREED.**

DATED this 10th day of July, 2025.

**LAGOMARSINO LAW**

/s/ Taylor N. Jorgensen
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
*Attorneys for Plaintiffs*

DATED this 10th day of July, 2025.

**MARQUIS AURBACH**

/s/ Tabetha J. Steinberg
NICK D. CROSBY, ESQ. (#8996)
TABETHA J. STEINBERG, ESQ. (#16756)
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
*Attorneys for Defendant Clark County*

DATED this 10th day of July, 2025.

**ROBERT TELLES**

/s/ *Robert Telles*
Inmate No. 1290264
High Desert State Prison
PO Box 650
Indian Springs, NV 89070
*Pro Se*

**IT IS SO ORDERED.**

Any future extension request must include firm dates for any remaining depositions and more detailed discussion of any other remaining discovery.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
DATED: 7/11/25

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that on this this 10th day of July, 2025, I served a true and correct copy of the foregoing **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (4th Request)** on all parties to this action, via CM/ECF and U.S. Mail, to the following:

Nicholas Crosby, Esq.
Tabetha J. Steinberg, Esq.
MARQUIS AURBACH
ncrosby@maclaw.com
smong@maclaw.com
tsteinberg@maclaw.com
jmadsen@maclaw.com
*Attorneys for Defendant Clark County*

And via U.S. Mail, to the following:

**ROBERT TELLES**
Inmate No. 1290264
High Desert State Prison
PO Box 650
Indian Springs, NV 89070
*Pro Se*

_____
An Employee of **LAGOMARSINO LAW**

Robert Telles #1290264
HDSP
PO Box 650
Indian Springs, NV 89070

7/1/25
P. 1 of 3

Nick Crosby, Esq.
Tabetha Steinberg, Esq.
Marquis Aurbach
10001 Park Run Dr.
Las Vegas, NV 89145

    Re: Discovery Requests to Clark County - Meet and Confer
        Coleman v. Telles

Dear Counsel:

    This correspondence serves as another meet and confer regarding the discovery requests that were made to Clark County in December of 2024. As of the date of this correspondence, over seven months have lapsed since the requests were first made. It has been nearly four months since you were provided search terms to narrow the scope of productions further. Still, you have not provided any of the documents requested.

    In your correspondence you raised concerns about the burden placed on your client by the current form of the requests I have made. You also raised a view that the documents I seek should be related exclusively to my own claims. I will address both these issues in this correspondence. I will address the second issue first.

Coleman v. Teller
7/1/25
Page 2 of 3

While Clark County is not a counter defendant to my claims, Clark County is still a defendant to the claims made by the Plaintiffs. I am entitled to discovery that could be used in defense against the Plaintiffs even if they no longer assert claims against me. Further, these items are important for impeachment. I'm sure you would agree that in order to successfully show slander per se that I have to show that their statements are more likely than not false. I appreciate that you must advocate for the least expense to your client, but I do believe I am entitled to documents needed to impeach the Plaintiffs.

I do want to minimize the burden to your client. Obviously, it does not help me to try to be unreasonable. I believe you understand what I am seeking. At this time, I am in a transitional unit. I do not have regular access to a phone. Further, even when I do gain access, I will only have assured access to a fifteen-minute call on any given day. Here, inmates place themselves in a queue for the phone. If there is someone in line, I would not be able to immediately call back. That is why I requested that you seek an arrangement with the prison. Barring that, it appears that our meet and confer attempts must remain in

Coleman v. Telles
7/1/25
Page 3 of 3

writing. At this time, I am requesting that you please share with me the breakdown of the responses with respect to the burden for each. It seemed to me that the keywords should have alleviated many concerns. Nonetheless, please let me know where you are seeing concerns.

Again, it has been over seven months since I first posed requests for these documents to Clark County. It is my hope you can respond to me by July 14, 2025. As I mentioned before, review of the documents should begin as soon as possible.

On another related note, it appears we are again nearing the first discovery deadline. I am requesting that you please confer with the Plaintiffs' counsel regarding another 120-day extension. Please allow this to serve as my consent to a 90 or 120 day extension of all deadlines.

Thank you for your attention to these matters.

Sincerely,

Robert Telles