UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jessica Coleman,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>Robert Telles, et al.,<br><br>                    Defendant(s). | 2:24-cv-00930-APG-MDC<br><br>**ORDER** |

Pending before the Court is defendant/counterclaimant Telles's ("Telles") *Motion to Compel* (ECF No. 85). For the reasons stated below, the Court DENIES the *Motion to Compel*.

## DISCUSSION

### I.   BACKGROUND

This is a case arising from alleged violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, Age Discrimination in Employment Act of 1967, and related Nevada state laws. In sum, plaintiffs allege sex discrimination, age discrimination, religious discrimination, hostile work environment, and retaliation.

On April 2, 2025, the district judge entered an order granting plaintiffs/counter-defendants' voluntary dismissal with prejudice against Telles. *See ECF No. 69*. Plaintiffs' claims against Clark County remained. *Id.* Telles's counterclaims against counter-defendants also remained. *Id.*

Counterclaimant Telles has filed a *Motion to Compel* (ECF No. 85) seeking to compel responses to his Interrogatories. Plaintiffs/counter-defendants oppose. *See ECF No. 88*.

### II.   MOTION TO COMPEL

   **A.   Legal Standard**

Discovery is governed by Rule 26 of the Federal Rules of Civil Procedure, which reads in relevant part that:

> Parties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and **proportional** to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

Rule 33 states that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Where a party fails to answer an interrogatory under Rule 33, the requesting party may move to compel discovery. Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Reflex Media Inc. v. Does*, 2022 U.S. Dist. LEXIS 243662, at *4, 2022 WL 20328162, at *2 (D. Nev. Aug. 25, 2022) (citing *Garces v. Pickett*, 2021 U.S. Dist. LEXIS 49438, 2021 WL 978540, at *2 (E.D. Cal. Mar. 16, 2021)) (citations omitted). The opposing party is "required to carry a heavy burden of showing why discovery was denied." *Id*. (citation omitted). The opposing party must show that the discovery request is overly broad, unduly burdensome, irrelevant, or disproportional in light of the issues at stake. *See* Fed. R. Civ. P. 26(b)(2)(C); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472–73 (9th Cir.1992). The opposing party must specifically detail the reason why the request is improper. *Beckman Indust.*, 966 F.2d at 476 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

//
//
//
//

## B. STANDING ORDER

The Court finds that parties have failed to comply with the Court's 8/28/2024 Standing Order (ECF No. 30) (updated June 2025). The Standing Order provides that:

> **B. Discovery Disputes**
> Pursuant to LR 1-1(b)(2), Judge Couvillier requires the parties to follow the procedures outlined below regarding any discovery dispute. No discovery motion may be filed until the following procedure has been followed and such motion is ordered by Judge Couvillier:
>> 1. If a discovery dispute arises the parties must first meet and confer to try to resolve their dispute in compliance with LR IA 1-3(f). Lead counsel for each party shall meet and confer in person, videoconference, or telephone. A mere exchange of letters or e-mails does not satisfy the meet and confer requirement.
>> 2. If the parties are unable to resolve their dispute informally after a good-faith effort, the parties must file a single document captioned "Stipulation Regarding Discovery Dispute" that addresses each one of the following items:
>>> i. A brief, joint summary of the discovery dispute not to exceed one (1) page;
>>> ii. A restatement of the full text of the discovery requests, or deposition question, in dispute as originally stated and the responses to the requests. This may be done in single-spaced, 10-font.
>>> iii. A joint summary of the meet-and-confer efforts as required by LR IA 1-3(f), which includes: (1) a summary of discussions; (2) identification of time, place, manner, and participants; and (3) certification from counsel that, despite a sincere effort, the parties were unable to resolve or narrow the dispute without court intervention. This joint meet- and-confer summary may not exceed two (2) pages.
>>> iv. An explanation, without boilerplate language, of the position taken by each side, not to exceed two (2) pages per side.
>>> v. Each side must make a proposal of compromise or resolution of the disputed discovery (e.g., request, interrogatory, deposition question). The proposal may not exceed two (2) pages per side.
>> 3. Upon review of the filed "Stipulation Regarding Discovery Dispute," Judge Couvillier may set a telephonic conference, order written briefing, or enter an order deciding the dispute without conference or briefing.
>> 4. If an adverse party or counsel is not responsive or fails to cooperate in this process, a party may file a unilateral "Stipulation Regarding Discovery Dispute - Filed Unilaterally in Compliance with Standing Order," and set forth in detail efforts to meet and confer and obtain cooperation.

Standing Order, ECF No. 30 (updated June 2025).

The Court previously directed parties to comply with the Standing Order (*see* ECF No. 74). Therefore, the parties are not strangers to this Court's requirements. While the Court understands that defendat/counterclaimant Telles is proceeding pro so, even pro se litigants must comply with the Federal Rules of Civil Procedure and the Local Rules of the court in which litigation is proceeding. *E.g. King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorable than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds).

Thus, the Court denies without prejudice the *Motion to Compel* (ECF No. 85). Parties are directed to meet and confer and, should any disputes remain, comply with the Standing Order regarding any remaining discovery disputes.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

## III. CONCLUSION

Parties failed to comply with the Standing Order (ECF No. 30) (updated June 2025). Therefore, the Court denies the *Motion to Compel* (ECF No. 85) for this reason. Parties are directed to meet and confer and comply with the Standing Order on any remaining discovery disputes.

ACCORDINGLY,

**IT IS ORDERED that** the *Motion to Compel* (ECF No. 85) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that the parties shall meet and confer by no later than August 30, 2025, to discuss the issues presented in the *Motion to Compel* (ECF No. 85) and related briefings.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send defendant/counterclaimant Telles a copy of the Court's current Standing Order, located on this Court's website.

DATED this 31st day of July 2025.
IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.