ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
CRISTINA A. PHIPPS, ESQ. (#16440)
CORY M. FORD, ESQ. (#15042)
3005 West Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
taylor@lagomarsinolaw.com
cristina@lagomarsinolaw.com

JULIE RAYE, ESQ. (#10967)
8350 W. Sahara Ave., Suite 110
Las Vegas, Nevada 89117
Telephone: (702) 478-7600
Facsimile: (702) 366-1653
julie@thegracelawfirm.com
*Attorneys for Plaintiffs*

*Left margin (vertical):* LAGOMARSINO LAW · 3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052 · Telephone: (702) 383-2864  Facsimile: (702) 383-0065

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JESSICA COLEMAN, an individual; ALEISHA GOODWIN, an individual; NORAINE PAGDANGANAN, an individual; and RITA REID, an individual;<br><br>    Plaintiffs,<br><br>vs.<br><br>ROBERT TELLES, an individual; and CLARK COUNTY, a political subdivision of the State of Nevada;<br><br>    Defendants.<br><br>AND ALL RELATED CLAIMS. | CASE NO: 2:24-CV-00930-APG-MDC<br><br><br><u>**AMENDED STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**</u><br><br>**(5th Request)** |

IT IS HEREBY STIPULATED AND AGREED between the parties and their undersigned attorneys that the discovery cut-off date of January 26, 2026, be continued for a period of forty-five (45) days from the Court's prior Order (ECF No. 94), up to and including **March 12, 2026**, for the purpose of allowing the parties to complete written discovery, complete

MAC: 15090-019 (#5705835.4)

the depositions of the remaining parties, experts, and lay witnesses, and any other discovery the parties wish to conduct.

I.    **DISCOVERY COMPLETED TO DATE**

The parties have completed the following discovery to date:

- Disclosure of Documents:
  - The Parties exchanged their initial Rule 26 Disclosures.
  - Defendant Clark County served its first supplemental disclosure on January 8, 2025.
  - Defendant Clark County served its second supplemental disclosure on February 14, 2025.
  - Defendant Clark county served its third supplemental disclosure on February 24, 2025.
  - Plaintiffs served its first supplemental disclosures on March 25, 2025.
  - Defendant Clark County served its fourth supplemental disclosures on April 3, 2025.
  - Plaintiffs served their second supplemental disclosures on May 29, 2025.
  - Plaintiffs served their third supplemental disclosures on June 24, 2025.
  - Plaintiffs served their fourth supplemental disclosures on July 15, 2025.
  - Defendant Clark County served its fifth supplemental disclosures on August 19, 2025.
  - Defendant Clark County served its sixth supplemental disclosures on September 10, 2025.
- Written Discovery:
  - Counterclaimant Telles served his first set of requests for admission to Plaintiff Pagdanganan on September 25, 2024. Plaintiff Pagdanganan served her responses on November 6, 2024. On January 15, 2025, Plaintiff Pagdanganan served her supplemental responses to Counterclaimant Telles' first set of requests for admission.
  - Plaintiffs served an initial set of discovery (interrogatories, requests for production of documents, and requests for admission) to Defendants Telles and Clark County on December 6, 2024. Counterclaimant Telles served his responses to Plaintiff Goodwin, Coleman, and Pagdanganan's requests for admission on January 9, 2025. Counterclaimant Telles served his responses to Plaintiff Reid's requests for admission on January 13, 2025. Counterclaimant Telles served his responses to Plaintiffs requests for production of documents and interrogatories on January 16, 2025. Defendant Clark County served its responses to Plaintiffs requests for admission and interrogatories on February 7, 2025 and served its responses to request for production of documents on February 14, 2025. Defendant Clark County served its first supplemental responses to Plaintiff Reid's first set of requests for production of documents on April 3, 2025.
  - Counterclaimant Telles served his first set of requests for production of documents to Defendant Clark County on December 6, 2024. Clark County

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

served its responses on January 6, 2025. On February 14, 2025, Defendant Clark County served its first supplemental responses.

o   Counterclaimant Telles served his second set of requests for production of documents to Defendant Clark County on January 16, 2025. Defendant Clark County served its responses on March 3, 2025.

o   Counterclaimant Telles served his first set of requests for production of documents to Plaintiffs on January 16, 2025. Plaintiffs served their responses on March 10, 2025.

o   Counterclaimant Telles served his first set of requests for admissions to Plaintiff Coleman and Goodwin on March 24, 2025.

o   Defendant Clark County served its first set of discovery requests (interrogatories, requests for production of documents, and requests for admission) to Plaintiffs on March 26, 2025.

o   Counterclaimant Telles served his responses to Defendant Clark County's first set of interrogatories on May 9, 2025.

o   Plaintiff Goodwin served her responses to Defendant Clark County's first set of interrogatories and requests for admission on May 22, 2025.

o   Plaintiff Coleman served her responses to Defendant Clark County's first set of interrogatories and requests for admission on May 22, 2025.

o   Plaintiff Pagdanganan served her responses to Defendant Clark County's first set of interrogatories and requests for admission on May 22, 2025.

o   Plaintiff Reid served her responses to Defendant Clark County's first set of interrogatories and requests for admission on May 22, 2025.

o   Plaintiffs Goodwin, Coleman, and Pagdanganan served their responses to Defendant Clark County's first set of requests for production of documents on May 29, 2025.

o   Plaintiff Goodwin served her supplemental responses to Defendant Clark County's first set to interrogatories on May 29, 2025.

o   Plaintiffs Goodwin and Coleman served their first supplemental responses to Counterclaimant Telles's first set of interrogatories on June 12, 2025.

o   Counterclaimant Telles served his first set of requests for admissions to Plaintiff Reid on June 26, 2025.

o   Counterclaimant Telles served his second set of requests for admissions to Plaintiff Goodwin and first set of requests for admission to Plaintiff Reid on June 26, 2025.

o   Plaintiff Reid served her responses to Clark County's second set of requests for production on July 15, 2025.

o   Plaintiff Reid served her responses to Telles' first set of requests for admissions and Plaintiff Goodwin served her responses to Telles' second set of requests for admissions on August 8, 2025.

o   Clark County served its second set of requests for admissions and requests for production of documents to Plaintiffs Reid, Coleman, and Goodwin, its second set of interrogatories to Plaintiff Coleman on August 19, 2025.

o    Plaintiff served her second set of requests for production of documents to Defendant Clark County on August 28, 2025.

o   Defendant Clark County served its responses to Reid's second set of requests for production of documents on September 9, 2025.

LAGOMARSINO LAW

3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

- o Clark County served its first supplemental responses to Plaintiffs Reid, Coleman, and Goodwin's first set of requests for production of documents on August 19, 2025.
- o Plaintiff Goodwin served her second supplemental responses to Clark County's first set of interrogatories on September 10, 2025.
- o Defendant Clark County served its supplemental responses to Defendant Robert Telles' first set of requests for production of documents on September 10, 2025.
- o Defendant Clark County served its second supplemental responses to Reid and Goodwin's first set of requests for production of documents on September 18, 2025.
- o Plaintiff Reid served her third set of requests for production of documents to Defendant Clark County on September 22, 2025.
- o Plaintiff Coleman served her responses to Clark County's second set of requests for admissions and requests for production of documents on October 2, 2025.
- o Plaintiff Goodwin served her responses to Clark County's second set of requests for admissions and requests for production of documents on October 2, 2025.
- o Plaintiff Reid served her responses to Clark County's second set of requests for admissions and requests for production of documents on October 2, 2025.
- o Plaintiff Coleman served her responses to Clark County's second set of interrogatories on October 3, 2025.
- Depositions
  - o Plaintiffs took the videotaped deposition of Karina Pozniak on September 17, 2025.
  - o Plaintiffs took the videotaped deposition Jeff Wells on September 18, 2025.
  - o Plaintiffs' depositions have been noticed by Defendant Clark County.
    - ▪ Noraine Pagdanganan – November 18, 2025
    - ▪ Aleisha Goodwin – November 19, 2025
    - ▪ Rita Reid – December 9, 2025
    - ▪ Jessica Coleman – December 10, 2025
  - o Plaintiffs anticipate taking the depositions of the following individuals and are working on obtaining dates from Ely State Prison and the witnesses to schedule for late October and early November:
    - ▪ Mike Murphy
    - ▪ Letty Bonilla **(scheduled for November 6, 2025)**
    - ▪ Sandra Jeantete (Trujillo)

## II.    DISCOVERY YET TO BE COMPLETED

The Parties have yet to complete the following discovery:

- The depositions of the remaining named parties;

  - o Jessica Coleman, Aleisha Goodwin, Noraine Pagdanganan, and Rita Reid[1]

- The depositions of fact witnesses;

---

[1] These depositions are currently scheduled.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

- o   Mike Murphy, Letty Bonilla, and Sandra Jeantete (Trujillo)[2]
- Subpoenas *duces tecum* and the depositions of third party percipient witnesses;
- Expert witness disclosures and expert witness depositions;
- Additional written discovery which may include written discovery to one another and/or additional subpoenas to third parties; and
- Any additional discovery the parties wish to conduct.

The Parties reserve the right to conduct additional discovery that is permitted by the Federal Rules of Civil Procedure.

## III.    REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

While the parties have been diligent in conducting discovery in this matter, the following issues have been unavoidable:

Defendant Clark County has noticed all of Plaintiffs' depositions. However, due to an unforeseen scheduling conflict, the depositions of Plaintiffs Rita Reid and Jessica Coleman must be rescheduled into December. Availability for deposition rescheduling is limited because the Ely State Prison only has one available room with a computer for use by inmates in depositions, so the parties in this case have to work around the Ely State Prison schedule. Because these depositions will occur after the current deadline for initial expert disclosures, additional time is necessary to allow the parties to complete fact discovery before moving forward with expert reports. An extension of the case deadlines will ensure that the expert disclosure process proceeds on a complete factual record and will avoid prejudice to either party. As such, this request for extension is proper and not for the purpose of delay nor is it made in bad faith.

## IV.    LEGAL STANDARDS AND ARGUMENT

### A.    Standard to Extend Discovery Deadlines

To prevail on a request to amend a scheduling order under Fed. R. Civ. P. 16(b), a movant must establish good cause for doing so. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d

---

[2] Plaintiffs anticipate no issues in scheduling the depositions of Mike Murphy and Letty Bonilla. Plaintiffs are actively working to serve Sandra Jeantete (Trujillo) with a notice of deposition.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

604, 608-09 (9th Cir. 1992); *see also* Local Rule 26-3. Good cause to extend discovery cutoffs exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* at 609. Additionally, all motions or stipulations to extend deadlines set forth in the discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. Local Rule 26-3.

Late motions or stipulations should only be granted if the movant demonstrates that the failure to act was the result of excusable neglect. *Id.* The determination of whether neglect is excusable depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. U.S. Postal Service,* 231 F.3d 1220, 1223-24 (9th Cir. 2000). This determination is ultimately an equitable one that takes into account all the relevant circumstances surrounding the party's omission. *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 395 (1993).

### B.    There Exists Good Cause to Extend Discovery Deadlines in this Case

The instant case has five parties: three plaintiffs, one defendant, and one counterclaimant. Counterclaimant Telles is currently incarcerated and proceeding in this matter *pro se,* making communication, document production, and deposition scheduling difficult. The Parties anticipate at least five (5) party depositions, several depositions of other pertinent fact witnesses, written discovery directed towards and on behalf of five parties, and two to three (2-3) experts per party.

Currently, the parties are working to schedule depositions in the case. Two depositions have already been taken by Plaintiffs. Defendant Clark County originally noticed the depositions for Noraine Pagdanganan, Aleisha Goodwin, Jessica Coleman, and Rita Reid. However, due to a conflict in defense counsel's office, the depositions for Jessica Coleman and Rita Reid were rescheduled for early December 2025. This conflict pushes Plaintiff Coleman's and Reid' depositions past the date of production for initial expert reports. The parties expect that this testimony will be imperative for expert review and therefore request this short extension.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

V.    **PROPOSED EXTENDED DEADLINES**

|  | Current | Proposed |
|---|---|---|
| Discovery cut-off | 1/26/26 | Thursday, March 12, 2026 |
| Deadline to amend pleadings and add parties | 10/27/25 | Thursday, December 11, 2025 |
| Deadline for initial expert disclosures | 11/26/25 | Monday, January 12, 2026[3] |
| Deadline for rebuttal expert disclosures | 12/29/25 | Thursday, February 12, 2026 |
| Deadline to file dispositive motions | 2/24/26 | Friday, April 10, 2026 |
| Deadline to file pre-trial order | 3/26/26 | Monday, May 11, 2026[4], or 30 days after the dispositive motions have been decided. |

…
…
…
…
…
…
…
…
…
…
…
…
…

---

[3] This deadline falls on January 10, 2026, which is a Saturday. This deadline is extended to Monday, January 12, 2026, pursuant to FRCP.

[4] This deadline falls on May 10, 2026, which is a Sunday. This deadline is extended to Monday, May 11, 2026, pursuant to FRCP.

MAC: 15090-019 (#5705835.4)

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

Trial is not yet set in this matter and dispositive motions have not yet been filed. Accordingly, this extension will not delay this case. Since this request is a joint request, no party will be prejudiced. The extension will allow the parties the necessary time to complete discovery.

**IT IS SO STIPULATED AND AGREED.**

DATED this 8th day of October, 2025.          DATED this 8th day of October, 2025.

**LAGOMARSINO LAW**                           **MARQUIS AURBACH**

/s/ *Taylor N. Jorgensen*                     /s/ *Tabetha J. Steinberg*
ANDRE M. LAGOMARSINO, ESQ. (#6711)            NICK D. CROSBY, ESQ. (#8996)
TAYLOR N. JORGENSEN, ESQ. (#16259)            TABETHA J. STEINBERG, ESQ. (#16756)
3005 W. Horizon Ridge Pkwy., #241             10001 Park Run Drive
Henderson, Nevada 89052                       Las Vegas, Nevada 89145
Telephone: (702) 383-2864                     Telephone: (702) 382-0711
Facsimile: (702) 383-0065                     Facsimile: (702) 382-5816
*Attorneys for Plaintiffs*                    *Attorneys for Defendant Clark County*

DATED this 8th day of October, 2025.

**ROBERT TELLES**

/s/ *Robert Telles*
Inmate No. 1290264
Ely State Prison
PO Box 1989
Ely, NV 89301
*Pro Se*

**ORDER**
**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: October 14, 2025

MAC: 15090-019 (#5705835.4)