UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESSICA COLEMAN, et al.,<br><br>  Plaintiffs<br><br>v.<br><br>ROBERT TELLES, et al.,<br><br>  Defendants<br><br>AND ALL RELATED CLAIMS | Case No.: 2:24-cv-00930-APG-MDC<br><br>**Order Granting in Part Clark County's Motion to Dismiss**<br><br>[ECF No. 53] |

    Jessica Coleman, Aleisha Goodwin, Noraine Pagdanganan, and Rita Reid sue Robert Telles and Clark County for claims arising out of their employment with the Clark County Public Administrator's Office (PAO) while Telles was the Public Administrator. The plaintiffs voluntarily dismissed their claims against Telles, and Pagdanganan settled with Clark County. ECF Nos. 69, 82. The plaintiffs' remaining claims assert that Clark County is vicariously liable for the discrimination and hostile work environment experienced by the plaintiffs. Coleman and Goodwin assert claims for retaliation in violation of Title VII and Nevada Revised Statutes (NRS) § 613.340 (counts one and two), and sex discrimination in violation of Title VII and NRS § 613.330 (counts three and four). Goodwin asserts religious discrimination claims under Title VII and NRS § 613.330 (counts five and six). Reid asserts age discrimination claims under the Age Discrimination in Employment Act (ADEA) and NRS § 613.330 (counts seven and eight). Coleman, Goodwin, and Reid assert hostile work environment claims under Title VII and NRS § 613.330 (counts nine and ten).

Clark County moves to dismiss all the claims except Goodwin's retaliation and religious discrimination claims. Reid concedes that her age discrimination claim under NRS § 613.330 should be dismissed, but otherwise the plaintiffs oppose dismissal and request leave to amend.

The parties are familiar with the facts, so I repeat them here only as necessary to resolve the motion. Additionally, the parties analyze the state and federal discrimination claims under the same standards, so I likewise address the claims under the federal standards. I grant Clark County's motion to dismiss Goodwin's sex discrimination claims because they are time-barred and not subject to equitable tolling. I do not dismiss the other claims.

## I. ANALYSIS

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017) (quotation omitted). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. Retaliation

Coleman and Goodwin assert retaliation claims under Title VII and NRS § 613.340. Previously, I denied the motion to dismiss Goodwin's retaliation claim but granted the motion to dismiss Coleman's claim with leave to amend her complaint. ECF No. 44 at 6-10. Clark County moves to dismiss Coleman's amended retaliation claims. ECF No. 53 at 10-13.

Title VII prohibits employers from discriminating against employees in retaliation for opposing "any practice made an unlawful employment practice by this subchapter" or for "charg[ing], testif[ying], assist[ing], or participat[ing] in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To make out a prima facie retaliation case, a plaintiff must allege that (1) she "engaged in protected activity," (2) "she suffered a materially adverse action," and (3) "there was a causal relationship between the two." *Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013).

In her amended complaint, Coleman alleges that two months after she served as a witness for Goodwin's August 2020 grievance,[1] Telles issued Coleman a disciplinary action after the loss of property "during intake by a completely different PAO employee." ECF No. 50 at 14-15. Coleman alleges that the other PAO employee was not disciplined. *Id.* at 15. And Coleman argues that the timing of the disciplinary action infers a causal connection with her participation in a grievance Goodwin filed. While Clark County does not dispute that Coleman engaged in a protected activity when she served as a witness for Goodwin's August 2020 grievance, it argues that she did not suffer an adverse employment action and that she cannot show causation. Coleman counters that Telles' conduct, including the disciplinary action he issued her, was an adverse employment action that would dissuade a reasonable employee from defending their rights. As explained below, Coleman's allegations, viewed in a light most favorable to her, are sufficient for her retaliation claim to survive a motion to dismiss.

---

[1] To avoid confusion between the employees' complaints to Clark County human resources and the complaint in this case, I refer to the human resources complaints as grievances.

3

1. Adverse Action

An adverse employment action means "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1242-43 (9th Cir. 2000) (quotation omitted). Title VII's "antiretaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006). "Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Id.* at 71 (quotation omitted). "Context matters." *Id.* at 69.

Clark County argues that "Coleman did not sufficiently plead that she suffered an adverse employment action." ECF No. 53 at 11. But when addressing the disciplinary action, Clark County states Coleman has "failed to sufficiently plead that Telles issued the disciplinary action solely because of [Coleman's] participation in Goodwin's [grievance]." *Id.* at 12. This argument addresses causation, not whether the disciplinary action is an adverse employment action. Because a disciplinary action from a supervisor is reasonably likely to deter a person from engaging in protected activity, the disciplinary action Coleman received is an adverse action. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (holding that undeserved performance ratings constitute adverse employment actions); *Hashimoto v. Dalton*, 118 F.3d 671, 675 (9th Cir. 1997) (issuing a negative personnel reference is an adverse action). Coleman has sufficiently alleged that the disciplinary action was an adverse employment action.

### 2. Causation

"Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013). "This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Id.* at 360. The plaintiff "must make some showing sufficient for a reasonable trier of fact to infer that the defendant was aware that the plaintiff had engaged in protected activity." *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003), *opinion amended on denial of reh'g*, No. 00-35999, 2003 WL 21027351 (9th Cir. May 8, 2003). Causation "may be inferred from proximity in time between the protected action and the allegedly retaliatory employment decision." *Ray*, 217 F.3d at 1244 (quotation omitted).

Telles issued Coleman the disciplinary action on October 13, 2020, which was about two months after Goodwin's grievance. This timing supports an inference of causation at this stage. *See id.* at 1239, 1244 (finding a causal link where the plaintiff filed EEOC complaints one and two months before his reduction in pay). Further, the plaintiffs specifically allege that Telles was aware of the Goodwin grievance in September or October 2020 and that three days before issuing Coleman's disciplinary action, Telles sent a letter to the County that blamed negative conduct in the PAO's office on the plaintiffs. ECF No. 50 at 11, 14-15. These allegations sufficiently allege a causal link between acting as a witness in Goodwin's grievance and the disciplinary action Coleman received.

Because Coleman has sufficiently alleged the elements of a prima facie case, I deny Clark County's motion to dismiss her retaliation claims.

### B. Sex Discrimination

Goodwin and Coleman bring sex discrimination claims under Title VII and NRS § 613.330. Clark County moves to dismiss the claims because they are time-barred. The plaintiffs respond that their claims are subject to equitable tolling.

Title VII discrimination claims ordinarily must be filed with the EEOC within 180 days of when the alleged discrimination occurred. *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1174 (9th Cir. 1999); *see also* 42 U.S.C. § 2000e–5(e)(1). However, because the plaintiffs first instituted proceedings with a state agency that enforces its own discrimination laws, the period for filing EEOC claims is extended to 300 days. ECF No. 50 at 4; 42 U.S.C. § 2000e–5(e)(1); *see also Laquaglia*, 186 F.3d at 1174 (the plaintiffs have the benefit of the 300-day time limit even when they missed the state's deadline).

Title VII's exhaustion requirement is subject to equitable tolling and estoppel. *Leong v. Potter,* 347 F.3d 1117, 1122-23 (9th Cir. 2003). The party seeking equitable tolling must show that they (1) pursued their rights diligently, and (2) faced some extraordinary circumstances. *Pace v. DiGuclielmo*, 544 U.S. 408, 418 (2005). "Extraordinary circumstances" are those in which external forces beyond a plaintiff's control prevent a plaintiff from bringing their claim. *Seattle Audubon Soc. v. Robertson*, 931 F.2d 590, 595-96 (9th Cir. 1991). Alternatively, plaintiffs can show wrongful conduct by the defendant, such as concealing relevant facts from the plaintiff. *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946).

#### 1. Goodwin

Goodwin has not alleged facts in the amended complaint that warrant equitable tolling. She has not alleged facts showing that she diligently pursued her rights or that extraordinary circumstances existed. In their opposition, the plaintiffs contend that the County's investigation

into Goodwin's August 2020 grievance lasted until April 1, 2021. ECF No. 62 at 15. At that point, the County indicated to Goodwin "that it had taken care of the situation." *Id.* These facts are not in the amended complaint. But even if I granted the plaintiffs leave to amend their complaint to add these allegations, Goodwin has not alleged any facts to show that she diligently pursued her rights or that extraordinary circumstances prevented her from bringing her claim.

All Goodwin has stated is that "because of the County's representations that it handled the situation, Goodwin did not file a complaint with the EEOC." *Id.* She argues that the County's alleged representation that it "handled the situation" warrants tolling her sex discrimination claims 673 days, from April 1, 2021 until February 3, 2023. Despite the County's alleged representation, she claims that the abuse continued and that she filed another grievance. ECF Nos. 50 at 12; 62 at 15. These facts do not show diligence or extraordinary circumstances. Goodwin has not alleged any facts to show how she diligently pursued her EEOC claim for almost two years, even though the alleged abuse continued. And no external forces prevented Goodwin from filing her EEOC claim. The cases the plaintiffs cite do not show otherwise. In *Pace*, the Supreme Court declined to rule on whether waiting on a finding from a state exhaustion remedy constituted an extraordinary circumstance, instead holding that the plaintiff failed to pursue his claim diligently. 544 U.S. at 418-19. And in *Osbourne v. United States*, extraordinary circumstances existed where the plaintiff was being held as a prisoner of war. 164 F.2d 767, 768-69 (2d Cir. 1947). Neither case supports Goodwin's contention that the County's representation created an extraordinary circumstance.

Even considering the facts put forth for the first time in the plaintiffs' opposition, amendment would be futile, so I grant the motion to dismiss Goodwin's sex discrimination claims under Title VII and NRS § 613.330 with prejudice. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without

leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." (simplified)).

### 2. Coleman

Coleman has sufficiently pleaded facts to warrant tolling her claim. Her allegations and the County's response raise issues that are better addressed at summary judgment.

Coleman claims that she "genuinely feared for her safety and took great lengths to avoid Telles." ECF No. 50 at 15. This allegation could warrant tolling her claim. Although Coleman's alleged fear is undercut by her participation in Goodwin's grievance and filing a grievance of her own in June 2022,[2] I must consider the alleged facts in a light most favorable to Coleman at this stage.

The plaintiffs' opposition states that once Telles was removed as PAO and in custody, Coleman "took steps to get an attorney to pursue her rights." ECF No. 62 at 15. The parties can address at summary judgment whether Coleman must show diligence beginning when Telles was placed in custody or when Coleman filed her June 2022 grievance. But at this stage, Coleman has at least plausibly alleged that she diligently pursued her rights by seeking an attorney and that her fear for her safety constitutes an extraordinary circumstance. I therefore deny Clark County's motion to dismiss Coleman's sex discrimination claims.

**C. Age Discrimination**

I previously dismissed Reid's age discrimination claims with leave to amend because she did not allege that she was performing her job satisfactorily or that she was replaced by a younger employee. ECF No. 44 at 15. In the amended complaint, Reid again asserts claims for age discrimination under the ADEA and NRS § 613.330. In response to Clark County's motion

---

[2] *See* ECF No. 50 at 21.

8

to dismiss, she voluntarily dismissed her age discrimination claim under NRS § 613.330. ECF No. 62 at 15-16 & n.2.

Clark County moves to dismiss Reid's ADEA claim, arguing that she failed to allege she was replaced by a substantially younger employee or that there were circumstances giving rise to an inference of age discrimination. Clark County asserts that the circumstances do not suggest age discrimination because all the PAO employees except one were over 40 years old and Reid was not formally replaced or discharged. Reid counters that she sufficiently alleged age discrimination because Telles called her an "old-timer," isolated her within the office, removed her supervisory duties, and assigned those duties to younger PAO employees. Because the plaintiffs' amended complaint plausibly alleges an ADEA claim, I deny Clark County's motion to dismiss it.

The ADEA makes it unlawful to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff may allege disparate treatment under the ADEA through direct or circumstantial evidence. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 812 (9th Cir. 2004). Direct evidence is "conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude sufficient to permit the fact finder to infer that that attitude was more likely than not a motivating factor in the employer's decision." *Id.* (simplified). Circumstantial evidence is evaluated under the burden-shifting analysis laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To allege a prima facie case based on circumstantial evidence, Reid must plausibly allege that she (1) was "at least forty years old," (2) was "performing [her] job satisfactorily," (3) suffered an adverse employment decision, and (4) was "either replaced by substantially

younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207-08 (9th Cir. 2008) (quotation omitted); *see also Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). An "inference of age discrimination" can be established by "showing the employer had a continuing need for [the employee's] skills and services in that their various duties were still being performed or by showing that others not in their protected class were treated more favorably." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000) (simplified).

Here, Reid plausibly alleges facts to support her age discrimination claim. She alleges she was over 40 years old and performed her job satisfactorily. ECF No. 50 at 4, 30. Reid alleges an adverse employment decision by claiming that she was stripped of her duties, made to perform entry-level tasks, and left off emails that contained information relevant to her job. *Id.* at 17. Clark County points out that Reid kept her job as assistant public administrator and was never formally replaced or discharged. But transferring job duties away from an employee can constitute an adverse employment decision. *Yartzoff*, 809 F.2d at 1376. As such, Reid has sufficiently alleged the third element of an age discrimination claim.

Finally, Reid must allege that she was either replaced by substantially younger employees with equal or inferior qualifications or that there are circumstances otherwise giving rise to an inference of age discrimination. Viewing the facts and all reasonable inferences in her favor, Reid has plausibly alleged circumstances giving rise to an inference of age discrimination. She alleges that Telles had a continuing need for her skills because younger PAO employees were performing her duties and that Telles called her an "old-timer." ECF No. 50 at 16-17, 30; *see Wallis*, 26 F.3d at 891; *France v. Johnson*, 795 F.3d 1170, 1173 (9th Cir. 2015) (direct evidence of the hiring manager preferring "young, dynamic agents," standing alone, would be "thin support" to

10

deny summary judgment for the employer but could be considered along with circumstantial evidence). I therefore deny the motion to dismiss Reid's ADEA claim.

**D. Hostile Work Environment**

In their original complaint, the plaintiffs failed to allege facts that satisfied each element of a hostile work environment claim, relying on general allegations that they had been discriminated against. ECF No. 44 at 16. In their amended complaint, Coleman, Goodwin, and Reid again assert claims for hostile work environment under Title VII and NRS § 613.330.

Title VII's prohibition on employment discrimination "includes a prohibition against the creation of a hostile work environment." *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 686 (9th Cir. 2017). To state a hostile work environment claim based on one or more of the protected categories, the plaintiff must plausibly allege (1) that she "was subjected to verbal or physical conduct" based on the protected category; (2) "that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Id.* (quotation omitted). A hostile work environment can be created based on retaliatory conduct. *See Ray*, 217 F.3d at 1244-45.

Reid, Coleman, and Goodwin each allege that they were subject to verbal or physical conduct based on a protected category. ECF No. 50 at 33-34 (Reid based on age, Coleman based on retaliation and sex, and Goodwin based on retaliation and religion). They also allege that this conduct was unwelcome. *Id.* at 33. Finally, the plaintiffs allege that the conduct was severe enough to alter the conditions of their employment. *Id.* at 33-34.

Clark County argues that Telles' conduct was not based on the plaintiffs' respective protective class but a "paramour preference," which is discrimination that occurs when a supervisor favors their sexual or romantic partner over another employee. *Maner v. Dignity Health*, 9 F.4th 1114, 1118-19 (9th Cir. 2021). The County's argument fails for several reasons.

11

First, the County appears to make the same mistake the plaintiffs did in their original complaint. "[D]isparate treatment discrimination and hostile work environment are not the same thing." ECF No. 44 at 16. The case law the County cites shows that the paramour preference can preclude a disparate treatment claim but not necessarily a hostile work environment claim. Most of the cases the County cites, including the Ninth Circuit case, do not arise in the context of a hostile work environment claim. *See Maner*, 9 F.4th at 1118 (raising Title VII sex discrimination and retaliation claims). While a hostile work environment can arise in the context of a sex discrimination claim as in *Maner*, the paramour preference predominantly precludes liability for discrimination in "non-hostile working environment[s]." *Tenge v. Phillips Mod. Ag Co.*, 446 F.3d 903, 908 (8th Cir. 2006). *But see Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs*, 716 F.3d 10, 14 (2d Cir. 2013) (noting that the district court was "manifestly correct" to dismiss the plaintiff's hostile work environment claims based on a paramour preference).

Second, Clark County has not shown why the paramour preference should extend to age and religious discrimination claims in this case. While application of the paramour preference to those claims is not foreclosed, such an application is not warranted at this stage when the County cites no case that uses the paramour preference to preclude an age or religious discrimination claim. *See Taken v. Okla. Corp. Comm'n*, 125 F.3d 1366, 1369-70 (10th Cir. 1997) (applying the paramour preference to the plaintiffs' sex discrimination claim but not their race discrimination claim); *see also Maner*, 9 F.4th at 1118-19 (applying the paramour preference to the plaintiff's sex discrimination and retaliation claims); *Kelly*, 716 F.3d at 16-17 (applying the paramour preference to the plaintiff's retaliation claim); *Tenge*, 446 F.3d at 908-10 (applying the paramour preference to the plaintiff's sex discrimination claim); *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 (5th Cir. 2003) (same); *Schobert v. Illinois Dep't of Transp.*, 304 F.3d 725, 733 (7th Cir. 2002) (same); *Womack v. Runyon*, 147 F.3d 1298, 1300 (11th Cir. 1998) (same); *Becerra v. Dalton*, 94 F.3d 145, 149 (4th Cir. 1996) (same).

Third, *Maner* is factually distinguishable. There, a male employee alleged sex discrimination based on favoritism toward a female employee in a relationship with a supervisor. 9 F.4th at 1118. The plaintiff "never alleged that [the supervisor or employer] evinced animus against male employees, solicited sexual favors in exchange for job benefits, or created a hostile work environment through pervasive sexual harassment." *Id.* at 1119. Coleman, Goodwin, and Reid have made such allegations here. ECF No. 50 at 8-9, 13, 16, 24. I must construe the facts in a light most favorable to the plaintiffs at this stage. Their complaint plausibly alleges the elements of a hostile work environment claim.

## II. CONCLUSION

I THEREFORE ORDER that defendant Clark County's motion to dismiss **(ECF No. 53) is GRANTED in part.** Reid voluntarily dismissed her age discrimination claim under NRS § 613.330. I dismiss Goodwin's sex discrimination claims with prejudice. Goodwin's and Coleman's retaliation claims, Coleman's sex discrimination claims, Reid's ADEA claim, Goodwin's religious discrimination claims, and all the remaining plaintiffs' hostile work environment claims will proceed.

DATED this 16th day of October, 2025.

                                                                             ANDREW P. GORDON
                                                                             CHIEF UNITED STATES DISTRICT JUDGE