UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESSICA COLEMAN, et al.,<br><br>　　Plaintiffs<br><br>v.<br><br>ROBERT TELLES, et al.,<br><br>　　Defendants<br><br>AND ALL RELATED CLAIMS | Case No.: 2:24-cv-00930-APG-MDC<br><br>**Order Granting in Part Motion to Dismiss Counterclaims**<br><br>[ECF No. 56] |

　　Plaintiffs and counter-defendants Jessica Coleman, Aleisha Goodwin, Noraine Pagdanganan, and Rita Reid sued Robert Telles and Clark County for claims arising out of their employment with the Clark County Public Administrator's Office (PAO) while Telles was the Public Administrator.[1] Telles filed counterclaims for abuse of process, intentional infliction of emotional distress (IIED), civil conspiracy, and slander per se.

　　The counter-defendants move to dismiss Telles' abuse of process, IIED, and slander per se counterclaims. They also move to dismiss the civil conspiracy counterclaim against Coleman and Pagdanganan, but Telles has alleged a civil conspiracy counterclaim against only Goodwin and Reid in his amended counterclaim. Telles concedes that his abuse of process counterclaim should be dismissed, but otherwise he opposes dismissal and requests leave to amend.

　　The parties are familiar with the facts, so I repeat them here only as necessary to resolve the motion. I dismiss Telles' IIED and abuse of process counterclaims.

/ / / /

---

[1] The plaintiffs voluntarily dismissed their claims against Telles, and Pagdanganan settled with Clark County. ECF Nos. 69, 82.

# I. ANALYSIS

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017) (quotation omitted).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. I dismiss Telles' IIED counterclaim without prejudice.

Previously, I dismissed Telles' IIED counterclaim with leave to amend because he failed to allege severe emotional distress, he did not provide the counter-defendants with fair notice of their allegedly wrongful actions, and some of his allegations did not constitute extreme and outrageous conduct. ECF No. 45 at 6-7.  Telles' amended counterclaim asserts an IIED counterclaim against Coleman and Goodwin based on their allegedly false statements to "several media outlets, including 48 Hours," that he sexually harassed them. ECF No. 51 at 14.  The counter-defendants argue that Telles again failed to allege extreme and outrageous conduct, to provide fair notice of their alleged false statements, and to sufficiently allege severe emotional distress.  Telles responds that Coleman's and Goodwin's false statements to the media that he sexually harassed them were extreme and outrageous.  I grant the motion to dismiss the IIED counterclaim.

To state a plausible IIED claim, Telles must allege "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) severe or

extreme emotional distress suffered by the plaintiff; and (3) actual or proximate causation." *Jordan v. State ex rel. Dep't of Motor Vehicles and Pub. Safety*, 110 P.3d 30, 52 (Nev. 2005) (en banc), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670 (Nev. 2008) (en banc). I make the initial determination as to whether a reasonable jury could find conduct to be extreme and outrageous. *See Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993) (citing Restatement (Second) of Torts § 46 cmts. h, j) ("[W]hether defendants['] conduct may reasonably be regarded as so extreme and outrageous as to permit recovery are questions for the Court to answer."). Extreme and outrageous conduct "is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (simplified). But "persons must necessarily be expected and required to be hardened . . . to occasional acts that are definitely inconsiderate and unkind." *Id.* (simplified). IIED liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Welder v. Univ. of S. Nev.*, 833 F. Supp. 2d 1240, 1246 (D. Nev. 2011) (simplified).

Furthermore, "in cases where emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of a physical impact, proof of serious emotional distress causing physical injury or illness must be presented." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998) (simplified). The physical impact requirement may not be satisfied by pleading "general physical or emotional discomfort." *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 483 (Nev. 1993); *see also Kennedy v. Carriage Cemetery Servs., Inc.*, 727 F. Supp. 2d 925, 933 (D. Nev. 2010) (finding that insomnia, nightmares, general nervousness, and "a purely emotionally upsetting situation" are insufficient to support an IIED claim under Nevada law, and explaining that

objectively verifiable evidence, like a need for "psychiatric assistance or medication," are necessary to meet the physical manifestation requirement). Nevada uses a sliding scale approach. *Franchise Tax Bd. of Cal. v. Hyatt*, 335 P.3d 125, 148 (Nev. 2014) (en banc), *overruled on other grounds by Franchise Tax Bd. of Cal. v. Hyatt*, 578 U.S. 171 (2016). When the alleged conduct is less extreme, the plaintiff must allege more objectively verifiable indicia of distress and vice versa. *Id.* There is no requirement that a plaintiff must allege a medical diagnosis or be prescribed medication. *Id.* Other objectively verifiable indicia, such as allegations of behavioral changes, may suffice if the alleged conduct is on the more extreme end of the scale. *Id.* at 148-49.

### 1. Telles sufficiently alleges extreme and outrageous conduct by Coleman and Goodwin.

Telles alleges that Coleman made "false allegations that Telles sexually harassed her and physically intimidated her to several media outlets, including 48 Hours." ECF No. 51 at 14. He alleges that Goodwin told "several media outlets, including 48 Hours," that Telles sexually harassed her. *Id.* Counter-defendants argue these statements do not "rise to a level of severe and outrageous conduct." ECF No. 56 at 11.

My previous order explained that "a reasonable jury could conclude that falsely accusing a public official of being involved in bribery and sexually harassing subordinates is extreme and outrageous." ECF No. 45 at 7. And "it is reasonable to infer at the pleading stage that a person making false allegations of bribery and sexual harassment is acting with at least reckless disregard for causing emotional distress." *Id.* Falsely accusing a public official of sexually harassing employees could be extreme and outrageous conduct sufficient for an IIED claim to move forward at this stage. *See Chehade Refai v. Lazaro*, 614 F. Supp. 2d 1103, 1121 (D. Nev.

2009) ("The Court determines whether the defendant's conduct may be regarded as extreme and outrageous so as to permit recovery, but, where reasonable people may differ, the jury determines whether the conduct was extreme and outrageous enough to result in liability.").

Counter-defendants contend that Telles "fails to allege any specificity as [to] what [the] false allegations even are." ECF No. 56 at 11. But Telles has alleged what the false allegations are: that he sexually harassed Coleman and Goodwin. The problem with Telles' original counterclaim was that he did not allege "who was involved in the post-arrest allegations of sex discrimination and intimidation," so the counter-defendants did not have fair notice of the counterclaims they faced. ECF No. 45 at 7. Telles has corrected that deficiency by specifically pleading that Coleman and Goodwin falsely accused him of sexually harassing them.

### 2. Telles fails to allege objective indicia of severe or extreme emotional distress.

I dismissed Telles' original IIED counterclaim because he did not adequately allege severe emotional distress. Specifically, he failed to "allege facts of at least some objective indicia that he suffered severe emotional distress." *Id.* at 6. Telles still has not alleged objective indicia that he suffered severe or extreme emotional distress.

Telles alleges that he suffered "great ridicule and embarrassment," "extreme emotional distress," and "weight loss, anxiety, and depression." ECF No. 51 at 14. Embarrassment is not severe or extreme emotional distress. *Welder*, 833 F. Supp. 2d at 1246 (IIED liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" (simplified)). Telles' allegation of extreme emotional distress is purely conclusory and therefore insufficient. And his allegations of weight loss, anxiety, and depression fail to show any objective indicia that he suffered the symptoms he claims. *See Kennedy*, 727 F. Supp. 2d at 933 (holding that plaintiffs' claimed symptoms of insomnia and general nervousness are "not

objectively verifiable and will not support emotional distress" in a "purely emotionally upsetting situation, as opposed to a physical injury"); *see also Miller v. Jones*, 970 P.2d 571, 577 (Nev. 1998) (finding that plaintiff "presented no objectively verifiable indicia of the severity of his emotional distress" in stating that "he was depressed for some time"); *Alam*, 819 F. Supp. at 911 (holding that "plaintiffs' feelings of inferiority, headaches, irritability and in the case of one plaintiff the loss of ten pounds," did not amount to severe emotional distress).  Telles concedes as much, saying that he "expects to obtain objective evidence during discovery." ECF No. 76 at 12.  But "discovery cannot cure a facially insufficient pleading." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021).

As I previously explained, Telles need not allege that he incurred medical bills to show objective indicia of severe or extreme emotional distress. ECF No. 45 at 6; *see also Franchise Tax Bd. of Cal.*, 335 P.3d at 148.  "[W]hile medical evidence is one acceptable manner" to establish severe emotional distress, "other objectively verifiable evidence may suffice to establish a claim when the defendant's conduct is more extreme." *Franchise Tax Bd. of Cal.*, 335 P.3d at 148.  Counter-defendants' alleged conduct is not at the extreme end of the scale, so Telles must allege some objective indicia of emotional distress other than behavioral changes. *See id.* at 148-49.  This could include, but is not limited to, allegations of treatment, diagnosis, counseling, therapy, or medication. *See Watson v. Las Vegas Valley Water Dist.*, 378 F. Supp. 2d 1269, 1279 (D. Nev. 2005).  I have already given Telles an opportunity to amend his counterclaim to allege severe emotional distress, so I will not do so again.  However, I dismiss this claim without

prejudice. If Telles can allege objective indicia of his severe emotional distress, he may file a motion to amend.[2]

### B. Clark County's motion to dismiss the civil conspiracy counterclaim is moot.

I previously dismissed Telles' civil conspiracy counterclaim against Coleman and Pagdanganan because he did not plausibly allege a basis for their liability on this counterclaim. ECF No. 45 at 9-10. However, I allowed this counterclaim against Goodwin and Reid to move forward based on the allegations that they conspired to falsely accuse Telles of bribery. *Id.* at 9. In his amended counterclaim, Telles again asserts a civil conspiracy counterclaim against Goodwin and Reid. ECF No. 51 at 15. The counter-defendants move to dismiss only against Coleman and Pagdanganan. ECF Nos. 56 at 12-13; 81 at 9. Because Telles has not alleged a civil conspiracy counterclaim against Coleman or Pagdanganan, I deny this portion of the motion as moot.

### C. I deny the motion to dismiss Telles' slander per se counterclaim.

Telles brought a slander per se counterclaim against Coleman and Goodwin for the first time in his amended counterclaim. Counter-defendants contend that it was improper for Telles to assert a new counterclaim and that, even if considered, he fails to allege facts that support slander per se. Telles responds that the allegedly false statements made to 48 Hours around March 2024 state a claim for slander per se. I deny the motion to dismiss Telles' slander per se counterclaim.

---

[2] Magistrate Judge Couvillier denied Telles' motion to amend to add a counter-defendant to his civil conspiracy counterclaim. ECF No. 118. That motion was denied without prejudice as well. If Telles moves to amend both his IIED and civil conspiracy counterclaims, he should do so in one motion.

Telles asserts this claim for the first time in his amended counterclaim. A party must obtain the court's leave or opposing party's consent to amend their pleading outside the first 21 days of service or 21 days after a responsive pleading or motion. Fed. R. Civ. P. 15(a). Telles contends it was his "understanding that the Court's grant of leave to amend allowed [him] to bring claims that are brought within the statute of limitations." ECF No. 76 at 15. A generous reading of my earlier order could construe a broad leave to amend. *See* ECF No. 45 at 10. And courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, I will allow Telles to add this claim. Any further amendment by Telles without abiding by Rule 15's requirements will be viewed unfavorably.[3]

A plausible slander per se claim requires showing "(1) a false and defamatory statement, (2) an unprivileged publication to a third person, (3) fault, amounting to negligence," and (4) that the statement falls into at least one of four special categories. *Blanck v. Hager*, 360 F. Supp. 2d 1137, 1159 (D. Nev. 2005); *see Branda v. Sanford*, 637 P.2d 1223, 1225 (Nev. 1981). The four categories of slanderous per se statements are (1) imputations of a crime; (2) imputations injurious to the plaintiff's trade, business, or office; (3) imputations that the plaintiff has a loathsome disease; and (4) imputations of serious sexual misconduct. *Branda*, 637 P.2d at 1225; *K-Mart Corp. v. Washington*, 866 P.2d 274, 282 (Nev. 1993), *overruled in part on other grounds by*, *Pope v. Motel 6*, 114 P.3d 277 (Nev. 2005).

Counter-defendants do not appear to dispute that falsely accusing a public official of sexual harassment would constitute slander per se. Rather, they argue that Telles is "unclear as to what statement each Counter-defendant made," that he does not identify the "several media

---

[3] Subsequent to these pleadings, Telles has followed Rule 15's guidance in filing a motion to amend. *See* ECF No. 93.

8

outlets," and that he does not identify when the statements were made. ECF No. 56 at 14. Similar to their IIED argument, counter-defendants contend that absent more detailed pleading, they do not have fair notice of how each of them allegedly slandered Telles.

Telles sufficiently alleges a counterclaim for slander per se. He identifies the slanderous statements Coleman and Goodwin allegedly made to media outlets: that he sexually harassed them. ECF No. 51 at 12, 14. He identifies at least one of these media outlets, 48 Hours, and he identifies when the statements occurred, around March 2024. *Id.* Telles makes these allegations specifically against Coleman and Goodwin, so they have fair notice. *Id.* I therefore deny the motion to dismiss this counterclaim.

## II. CONCLUSION

I THEREFORE ORDER that the counter-defendants' motion to dismiss **(ECF No. 56) is GRANTED in part.** Telles voluntarily dismissed his abuse of process counterclaim. I dismiss the IIED counterclaim without prejudice. As to the civil conspiracy and slander per se counterclaims, the counter-defendants' motion to dismiss is denied. If Telles wishes to make any further amendments, he must file a motion to amend or obtain the counter-defendants' written consent. Fed. R. Civ. P. 15(a)(2).

DATED this 27th day of October, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE