**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jessica Coleman, *et al.*,<br><br>        Plaintiffs,<br><br>vs.<br><br>Robert Telles, *et al.*,<br><br>        Defendants. | Case No. 2:24-cv-00930-APG-MDC<br><br>**ORDER GRANTING MOTION TO AMEND (ECF NO. 131)** |

Pending before the Court is counterclaimant Telles' ("Telles") *Motion to Amend Counterclaim* (ECF No. 131) ("Motion"). For good cause shown and because it is unopposed, the Court **GRANTS** the Motion.

**DISCUSSION**

**I.    BACKGROUND**

This is a case arising from alleged violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., Age Discrimination in Employment Act of 1967, and related Nevada state laws. In sum, plaintiffs allege sex discrimination, age discrimination, religious discrimination, hostile work environment, and retaliation.

Telles filed his original counterclaims against Plaintiffs. *See generally ECF No. 31*. Plaintiffs/counter-defendants ("plaintiffs") moved to dismiss Telles' counterclaims. *See generally ECF No. 32*. The Court issued an *Order Granting in Part Motion to Dismiss Counterclaims*, with Telles' claims being dismissed, in whole or in part, with leave to amend. *See ECF No. 45* at 10. Telles then filed his Amended Counterclaim bringing forth: (1) abuse of process, (2) intentional infliction of emotional distress, (3) civil conspiracy, and (4) slander per se counterclaims against plaintiffs. *See generally ECF No. 51*. Plaintiffs moved to dismiss Telles' Amended Counterclaim, which the Court granted and denied in part, allowing his civil conspiracy and slander per se counterclaims to proceed. *ECF No. 56*.

As plaintiff's *Motion to Dismiss* was pending, Telles moved to amend his counterclaim ("prior Amend Motion") to add Kimberly McMahon ("McMahon") as a counter-defendant on his civil conspiracy counterclaim (ECF No. 93). The undersigned Magistrate Judge found that adding McMahon in the counter-complaint was futile under the facts alleged in the proposed counterclaim and denied Telles' prior Amend Motion without prejudice. *See ECF No. 118*. Telles objected to the undersigned Magistrate Judge's Order (ECF No. 118). *ECF No. 119*. The District Judge denied Telles' Objection and affirmed the Magistrate Judge's decision. *ECF No. 128*. Telles then filed this Motion (ECF No. 131) again seeking to add McMahon as a counter-defendant in his proposed Amended Complaint (ECF No. 131, Ex. D), which the Court finds is sufficiently pled and not futile, and which plaintiffs do not oppose (ECF No. 134).

## II.    LEGAL STANDARD

Generally, a party may amend its pleadings "as a matter of course" within 21 days of serving it or within 21 days after service of a responsive pleading under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis,* 371 U.S. 178, 182

2

(1962)). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

### III.   ANALYSIS

Telles seeks to add McMahon as a counter-defendant on his civil conspiracy counterclaim. *ECF No. 131*. Plaintiffs do not oppose the Motion, which constitutes consent to granting the Motion. *See* LR 7-2(d).

The Court also finds good cause exists to grant the Motion in this case. There is no apparent bad faith or undue delay in the Motion. The amendments do not appear to prejudice plaintiff. This would be the first time that the Court would be granting Telles' request to amend his counterclaim. Furthermore, adding McMahon as a counter-defendant is no longer futile. In Telles' prior proposed amended complaint, he did not allege sufficient facts that McMahon committed civil conspiracy. In the current proposed counter-complaint (ECF No. 131, Ex. D), Telles now alleges that plaintiffs Goodwin and Reid convinced McMahon to "corroborate their false allegation of a bribery scheme in exchange for a restored business relationship with the PAO[.]" *ECF No. 131*, *Ex. D*, ¶ 108. This agreement allegedly occurred "prior to [McMahon] meeting with [Agent] Jappe [where McMahon made the allegedly false claims against Telles.]" *ECF No. 131*, *Ex. D* at 12. Telles thus properly alleges a counterclaim for civil conspiracy against McMahon. *See On Demand Direct Response, LLC v. McCart-Pollack*, No. 2:15–cv–01576–MMD–VCF, 2016 WL 5796858, at *3 (D. Nev. September 30, 2016) (citation omitted) (stating that a pleader must show a "(1) commission of an underlying tort; and (2) agreement between the defendants to commit a tort" to establish a claim for civil conspiracy); *see also GES, Inc. v. Corbitt*, 117

Nev. 265, 270-71, 21 P.3d 11, 15 (Nev. 2001) (citations omitted) (stating to prevail in a civil conspiracy action "a plaintiff must prove an agreement between the tortfeasors . . . [and] it is essential that the conduct of each tortfeasor be in itself tortious."). Therefore, Telles' proposed Amended Complaint is not futile and good cause exists to grant his Motion.

ACCORDINGLY,

**IT IS ORDERED that:**

1.  The *Motion to Amend Counterclaim* (ECF No. 131) is **GRANTED**.

2.  Telles shall file the proposed amended counterclaim by no later than **February 9, 2026**.

DATED: January 30, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

4