Robert Telles #1290264

Ely State Prison

PO Box 1989

Ely, NV 89301

## United States District Court
## District of Nevada

| | |
|---|---|
| Jessica Coleman, et al., Plaintiffs, | Case No. 2:24-cv-00930-APG-MDC |
| v. | |
| Robert Telles, et al., Defendants | Motion for Order Directing the US Marshal to Provide Fee Schedule |

Comes Now Defendant/Counterclaimant Robert Telles ("Telles"), in proper person, and hereby submits this Motion for Order directing US Marshal to Provide Fee Schedule. In support of this Motion, Telles states as follows:

Telles requested the information from the US Marshal for its process service (ECF No. 171) in preparation for the possibility that Kimberly McMahon ("McMahon") will not sign a waiver of service of the summons to her.

On February 2, 2026, the Court granted Telles leave to file his Second Amended Counterclaim, adding McMahon as a defendant to Telles's civil conspiracy claim. ECF No. 143.

On February 5, 2026, Telles filed his Second Amended Counterclaim. ECF No. 144.

///

On February 9, 2026, Telles mailed the summons for McMahon to the Court Clerk for issuance. ECF No. 149. While the Court Clerk did not immediately issue the summons, Telles thought the Court Clerk was waiting for potential objections before issuing the summons.

On March 2, 2026, after it became clear the Court Clerk was not going to issue the summons, Telles mailed a second request for the issuance. ECF No. 161.

On March 5, 2026, the Court Clerk issued the summons to McMahon, ECF No. 161

On March 10, 2026, Telles mailed to McMahon the second Amended Counterclaim, two copies of the waiver of service, the summons, and a letter providing McMahon thirty days to provide a signed copy of the waiver (Exhibit A) in the postage paid envelope that was also included.

On March 23, 2026, Telles mailed to the US Marshall a letter requesting a fee schedule and quote (ECF No. 171) in preparation for the possibility that McMahon will not execute the waiver.

While Telles has access to a private process server, Telles expects that the US Marshal would likely succeed in serving McMahon at a lower cost. Therefore, Telles respectfully requests that the Court order the US Marshall to provide a fee schedule and any forms necessary for process service. Otherwise, Telles will contract with the private process server.

Dated this 1st day of April, 2026

Robert Telles

March 10, 2026

Dear Ms. McMahon:

Please find enclosed my second amended complaint naming you as a defendant, the summons to you, and two copies of the waiver of the service of summons. Please execute one copy and mail it to me at the address below. within 30 days. If I do not receive the waiver within 30 days, I will contract with a process server to serve you.

Please note, if I am forced to contract with a process server, the court will require you to reimburse me. That may become costly if you attempt to evade service.

Your cooperation is appreciated.

Thank you,

Robert Telles #1290264
Ely State Prison
PO Box 1989
Ely, NV 89301

Please note also a postage paid envelope is also included.

Exhibit A

Letter to McMahon re Waiver of Service of Summons

## DUTY TO AVOID UNNECESSARY COSTS

### OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

(Added April 22, 1993, eff. Dec. 1, 1993.)