UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jessica Coleman, *et al.*,

                Plaintiffs,

vs.

Robert Telles, *et al.*,

                Defendants.

Case No. 2:24-cv-00930-APG-MDC

**ORDER ON STIPULATION REGARDING DISCOVERY DISPUTE (ECF NO. 166)**

The Court has reviewed parties' *Stipulation on Discovery Dispute* ("Discovery Dispute Stipulation") (ECF No. 166). The Court resolves the parties' disputes as discussed below.

**I.      BACKGROUND**

This is a case arising from alleged violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., Age Discrimination in Employment Act of 1967, and related Nevada state laws. In sum, plaintiffs allege sex discrimination, age discrimination, religious discrimination, hostile work environment, and retaliation.

Defendant/Counterclaimant Robert Telles ("Telles") has filed several counterclaims against plaintiffs, and his operative counterclaim makes out civil conspiracy and slander per se counterclaims. *See ECF No. 144*.

This Discovery Dispute Stipulation was filed because parties disagree as to whether plaintiffs Goodwin, Coleman, and Reid (collectively "three plaintiffs") sufficiently responded to Telles' various requests for production ("RFP"). *ECF No. 166*. Parties met and conferred regarding this dispute in a January 20, 2026 phone call and when they could not settle their RFP dispute, they filed this Discovery Dispute Stipulation.

1

The parties identify the following RFPs at issue by their Discovery Dispute Stipulation:

(1) plaintiffs Goodwin and Reid to produce all their phone records from March 1, 2020 to March 31, 2023;
(2) plaintiff Coleman to produce all text messages between her and other plaintiffs from March 1, 2020 to May 31, 2020 and April 1, 2022 to June 30, 2022;
(3) plaintiffs Goodwin and Reid to produce all communications between them and the Clark County District Attorney (and court staff), and;
(4) plaintiff Goodwin to produce all communications between her and any person associated with Compass Realty or where she mentions anything related to Compass Realty.

*See ECF No. 166* at 2-4.

**II.      ANALYSIS**

In the Discovery Dispute Stipulation, Telles clarifies that he only seeks plaintiffs Goodwin and Reid's phone records from January 1, 2022 to March 31, 2023 and does not state any arguments regarding the other RFPs identified in the stipulation. *See ECF No. 166 at 7*. Federal Rule of Civil Procedure 26(b) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). While Telles has limited the timeframe in which he is seeking plaintiffs Goodwin and Reid's phone records, he did not narrow the subject matter or the third-parties pertaining to such records, and limit his request to records "that have some bearing on the claims or defenses in this case[.]" *Allstate Ins. Co. v. Nassiri*, No. 2:08–cv–00369–JCM–GWF, 2011 WL 318101, at *2 (D. Nev. January 21, 2011). Therefore, the Court agrees with plaintiffs that Telles' has not shown that his request for discovery is relevant or proportional.

Altogether, the Court **DENIES** Telles' proposal to compel plaintiffs Goodwin and Reid's phone records from January 1, 2022 to March 31, 2023, and **GRANTS** plaintiffs' proposal in part as follows:

A.    As to Telles' RFP No. 1 for phone records of Reid and Goodwin, **Telles must provide plaintiffs the names of specific individuals, categories of individuals, or specific phone numbers and types of data transmissions that he wishes to see historical records for and which are relevant to his claims and defenses in this case.**

B.    As to Telles' RFP No. 6 for text messages among plaintiffs, plaintiffs state they all response documents in plaintiff Coleman's control have been produced. Telles does not provide any evidence to the contrary. As such there is nothing to compel.

C.    As to Telles' RFP No. 9 for communications with Clark County District Attorney's office, plaintiff Goodwin states she has produced all responsive records in her possession. Defendant Telles does not provide any evidence to the contrary. As such there is nothing to compel. As to plaintiff Reid, she states that she is in the process of reviewing her communications to determine if she is in possession of any responsive documents. Accordingly, plaintiff Reid shall produce by **April 30, 2026**, all non-privileged documents that are responsive to Telles' Request No. 9 which are in her possession and control.  Any documents withheld on account of privileged must be specifically identified and accompanied by a privilege log. *See Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 698-99 (D. Nev. 1994).

D.    As to Telles' RFP No. 10 for Compass Realty communications, plaintiff Goodwin states that she does not possess any responsive documents. Defendant Telles does not provide any evidence to the contrary.  As such there is nothing to compel or otherwise resolve. *Porter v. Gore*, 2020 WL 1493615, at *5 (S.D. Cal. Mar. 27, 2020) ("A court cannot order a party to produce documents that do not exist.").

## III.    CONCLUSION and ORDER

For the foregoing reasons,

**IT IS ORDERED** that:

Parties' *Stipulation on Discovery Dispute* (ECF No. 166) is **GRANTED** in part and **DENIED** in part as set forth above.

DATED: April 16, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

3

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.