**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Jessica Coleman, *et al.*,

           Plaintiffs,

vs.

Robert Telles, *et al.*,

           Defendants.

Case No. 2:24-cv-00930-APG-MDC

**ORDER DENYING MOTION TO AMEND (ECF NO. 155)**

The Court has reviewed defendant/counter claimant Robert Telles' ("Telles") *Motion to Amend* ("Motion") (ECF No. 155) and **DENIES** it for the reasons below.

**I.      BACKGROUND**

This is a case arising from alleged violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., Age Discrimination in Employment Act of 1967, and related Nevada state laws. In sum, plaintiffs allege sex discrimination, age discrimination, religious discrimination, hostile work environment, and retaliation.

Defendant/Counterclaimant Robert Telles ("Telles") has filed several counterclaims against plaintiffs. Telles' operative Counterclaim makes out civil conspiracy and slander *per se* claims. *See ECF No. 144*. He now seeks leave to amend his Counterclaim to add several defendants and causes of action. *ECF No. 155* at 2. Plaintiffs and defendant Clark County filed their oppositions to the Motion. *ECF Nos. 163*, *164*. Telles filed a Reply responding to their oppositions. *ECF No. 167*.

**II.     GENERAL LEGAL PRINCIPLES**

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading once "as a matter of course" within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). After that, a party may amend its pleading only by leave of the court or with the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). The court has discretion to grant leave and should freely do so "when justice so

1

requires." *Id.*; *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (district courts have broad discretion in supervising the pretrial phase of litigation). Notwithstanding the liberal application of Rule 15, courts may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

While a document filed *pro se* are liberally construed, "[c]ourts are not required to conjure allegations on behalf of *pro se* filers." *Coney v. Lozo*, No. 2:23-cv-01645-CDS-EJY, 2024 WL 2271553, at *2 (D. Nev. May 20, 2024). In other words, "[t]he courts cannot assume the role of advocates and create arguments never made." *Donahue v. United States*, 660 F.3d 523, 524 (1st Cir. 2011); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-66 (9th Cir. 1986)); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("[A] federal court is not required to construct legal arguments for a pro se petitioner."). While Telles is *pro se*, he is an attorney with over a decade of legal experience, though his law license has been temporarily suspended by the Nevada Supreme Court (Nev. Sup. Case No. 85465).

## III.    ANALYSIS

Telles requests to file a third amended counterclaim in the Motion. *ECF No. 155*. Specifically, he seeks to add:

1.    A intentional infliction of emotional distress ("IIED") claim against current counter-defendants Jessica Coleman and Aleisha Goodwin ("Coleman" and "Goodwin");

2.    a "deprivation plus" claim against proposed counter-claimant Officer Jappe ("Jappe");

3.    a Section 1983 conspiracy claim against Jappe, Goodwin, and current counter-claimant Rita Reid ("Reid");

4.    an invasion of privacy claim against Jappe, Goodwin, and Reid;

5.    a Fourteenth Amendment claim for disparate treatment against proposed counter-defendants "King, Wells, the Clark County Manager, the Assistant County Manager to the PAO, and Clark County" ("Clark County counter-defendants"); and

6.    a *Monell* claim against proposed counter-defendant Las Vegas Metropolitan Police Department ("Metro").

*ECF No. 155* at 55-63. However, granting his request would cause undue delay to the proceedings in this case and undue prejudice to counter-defendants. His deprivation plus and Fourteenth Amendment claims also do not have a logical relationship with his operative Counterclaim. Finally, Telles' deprivation plus and Section 1983 conspiracy claims are futile. The Court thus denies the Motion.

a.    **Undue Delay to the Proceedings and Undue Prejudice**

Telles generally argues that allowing for another amended counter claim will not result in undue delay to the case or unduly prejudice counter-defendants. *ECF No. 155* at 12. However, Telles made his first counterclaims back on September 18, 2024, and already amended his Counterclaim multiple times in this case. As stated above, he is now seeking to add a plethora of new claims and parties to his Counterclaim. *See ECF No. 155* at 55-63. Allowing an amendment at this stage of litigation would thus further delay this case and create new discovery obligations for the current and proposed counter-defendants. Clark County would be especially prejudiced as it was recently dismissed as a defendant following their efforts at settlement with plaintiffs and granting the amendment would bring it back in this case. *See ECF No. 164* at 20; *ECF No. 187*.

Telles also could have made an IIED claim against Coleman and Goodwin in his operative Counterclaim, where he alleged suffering "great embarrassment" and "extreme emotional distress" because of their actions. *ECF No. 144* at 15.[1]  He fails to provide any justification for not making an IIED claim in his operative Counterclaim and the Court finds none. Telles thus unduly delayed in seeking to add a claim he could have included in his operative Counterclaim. *See Christensen v. Findlay ARN, LLC*, No. 3:24-CV-00371-ART-CLB, 2025 WL 3771399, at *3, 8 (D. Nev. December 31, 2025) (finding that *pro se* plaintiff unduly delayed in seeking to add defendants and a claim when plaintiff

---

[1] Moreover, he made an IIED claim against Coleman and Goodwin in a prior Counterclaim (ECF No. 51 at 14-15) but did not do so in his operative Counterclaim.

knew of the underlying facts before filing previous versions of his complaint.) (citing *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002)).

Telles was also not diligent and unduly delayed in bringing his deprivation plus, Section 1983 conspiracy, invasion of privacy, and *Monell* claims, which all relate to Jappe's search warrant declaration allegedly containing information that he knew or should have known was false. *ECF No. 155* at 55-63. Foremost, Telles was aware of the facts giving rise to his claim. He previously alleged in his operative Counterclaim that Jappe's declaration contained false information given by current counter-defendants. *ECF No. 144* at 15-16. He argues that until he received communication records between Jappe and plaintiffs from Metro in December 2025, he was unaware that Jappe knew or should have known the information in the warrant declaration was false. *See ECF No. 167* at 3-5. Telles also claims that he was diligent in seeking the communication records, first requesting them from Clark County in January 2025 and issuing a subpoena *duces tucum* to Metro after Clark County failed to produce them. *See ECF No. 167* at 9-10. The Court is unpersuaded by Telles' arguments.

Counter-defendants note, and Telles does not oppose, that Jappe already testified during Telles' 2024 criminal trial regarding the warrant and how Jappe obtained it. *See ECF No. 163* at 2-3. In motions Telles filed in June and July 2025, he also attached Jappe's testimony transcript, warrant declaration, and related documents as exhibits. *See id.*; *see also ECF No. 93*. The record further demonstrates that Telles knew of the facts related to his new claim against Jappe when he filed his operative Counterclaim (but did not assert a claim against Jappe). *ECF No. 144* at 15-16. Despite having access to all such facts and evidence, Telles did not timely assert claims and did not subpoena Metro for additional evidence (*e.g.*, communication records) until October 2025, almost a year after he was aware such evidence existed and was potentially relevant. *See, e.g.*, *ECF No. 163* at 9; *ECF No. 167* at 9-10. There is also no indication from the record that anything prevented Telles from issuing the Metro subpoena until October

4

2025. *See generally docket*. In sum, Telles unduly delayed in investigating and seeking to make the claims related to Jappe's alleged wrongdoing with the declaration.

Thus, allowing these new claims and parties in Telles' Counterclaim would result in a "combination of undue delay and prejudice… [and] provide strong reasons for not granting [the Motion]." *Jones v. Int'l Collection Servs., Inc.*, No. 2:04-cv-00896-KJD-LRL, 2005 WL 8161651, at *1 (D. Nev. May 13, 2005) (denying plaintiff's motion to amend to add additional parties and new theories of relief because of undue delay and defendants "[would] suffer in having discovery extended and further delaying the proceedings.").

   b.    **Counterclaims With No Logical Relationship To The Operative Counterclaim**

Telles' deprivation plus and Fourteenth Amendment claims do not share a logical relationship to his operative Counterclaim. The Federal Rules of Civil Procedure ("Rule" or "Rules") provide that counterclaims are evaluated according to the transaction-or-occurrence test to determine if they are compulsory or permissive, analyzing "logical relationship" between the claims. *See Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926); *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987); Fed. R. Civ. P. 13(a). If no logical relationship is found, the counterclaims are permissive and "the Court can refuse to hear the counterclaim if it would unduly complicate the litigation." *R Journey, LLC v. Kampgrounds of Am.*, No. CV 22-48-BLG-SPW, 2023 WL 2373352, at *13 (D. Mont. March 6, 2023) (citing 6 Fed. Prac. & Proc. § 1420 (3d ed. 2022)).

   In Telles' operative Counterclaim, he alleges that counter-defendants made false claims of harassment against him and conspired to make a false report regarding his involvement in bribery to Jappe. *ECF No. 144*. In his deprivation plus claim, he alleges unrelated events where Jappe began a bribery investigation against Telles, created a search warrant declaration he knew or should have known contained false information, and shared details of the investigation to the Las Vegas Review Journal. *ECF No. 155* at 58-59. He alleges another unrelated event in his Fourteenth Amendment claim, where

Clark County counter-defendants "effectively demote[d]" him because the harassment allegations were made public while not punishing Reid who also was accused of harassment. *Id.* at 61-62.

In sum, Telles' deprivation plus and Fourteenth Amendment claims are an assortment of grievances arising out of the actions of various government entities that are fundamentally different and not logically connected. "[T]he [Rules] do not allow parties to compile an assortment of grievances or wrongs into a single lawsuit." *Mwithiga v. Pierce*, No. 2:23-cv-1330-GMN-MDC, 2024 WL 3639920, at *1 (D. Nev. August 1, 2024). Allowing Telles to again amend his Counterclaim "would be tantamount to allowing a revolving door of theories of liability in this case . . . [i]t must stop here." *Mainor v. Experian Info. Sol., Inc.*, No. 2:16-cv-00183-RFB-PAL, 2019 WL 286696, at *2 (D. Nev. January 22, 2019). Therefore, Telles' new counterclaims are not allowed.

**b.   Futility**

Telles' proposed deprivation plus and Section 1983 conspiracy claims are also futile. The futility analysis "determines whether the proposed amendment would survive a challenge of legal insufficiency under [Rule] 12(b)(6)." *JPMorgan Chase Bank, N.A. v. KB Home*, 740 F.Supp.2d 1192, 1197 (D. Nev. 2010) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), overruled on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Under Rule 12(b)(6), the complaint must plead enough facts to state a plausible claim of relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While all well-plead factual allegations in a proposed complaint must be accepted as true under Rule 12(b)(6), mere recitals of a claim or conclusory statements are insufficient to make out a plausible claim of relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). If the Court cannot infer more than a mere possibility of misconduct "alleged—but not shown—that the pleader is entitled to relief," the proposed claim must be dismissed. *See Twombly*, 550 U.S. at 570.

Here, Telles' deprivation plus and Section 1983 conspiracy claims are not cognizable. Telles does not make any allegations that he was deprived of his due process or any other right in connection

6

with Jappe investigating him for bribery or wrongfully obtaining a search warrant against him. *See ECF No. 155* at 58-59. He also does not allege that any of his constitutional rights were violated in connection with the conspiracy against him. *See id.* at 59-60. As stated above, while Telles files his documents *pro se* in this case, "[c]ourts are not required to conjure allegations on behalf of *pro se* filers" (*Coney*, 2024 WL 2271553, at *2 (D. Nev. May 20, 2024)) and Telles is a trained attorney. Therefore, Telles does not plausibly allege a counterclaim for a deprivation of rights or a Section 1983 conspiracy.

As part of his deprivation plus and Section 1983 conspiracy claims, Telles also alleges that Jappe committed fraud when taking a police report and obtaining a search warrant based on false information. *ECF No. 155* at 58-60. However, he only states that these allegations are based on his "information and belief[.]". *ECF No. 155* at 59-60. He does not provide any facts that explain why Jappe knew the police report or the information he used to obtain the search warrant was false. Rule 9 requires that allegations of fraud must be plead with specificity. Fed. R. Civ. P. 9. Telles failed to do so here. *See Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (general rule is that allegations of fraud on information and belief do not meet fraud pleading requirement of Rule 9); *United States v. CalPortland Constr.*, No. CV1604479JFWSSX, 2018 WL 6262877, at *5 (C.D. Cal. March 9, 2018), *aff'd sub nom. Kraft v. CalPortland Constr.*, 801 F. App'x 547 (9th Cir. 2020) (a complaint regarding fraud fails when fraud is pled on information and belief without stating the facts on which the belief is founded).

Telles' proposed counterclaims for deprivation plus and Section 1983 conspiracy are thus futile.

//

//

//

//

//

//

7

### III.   CONCLUSION and ORDER

For the foregoing reasons,

**IT IS ORDERED** that:

Defendant/Counterclaimant Robert Telles' *Motion to Amend* (ECF No. 155) is **DENIED**.

DATED: June 8, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.