# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Jessica Coleman, *et al.*,

          Plaintiffs,

vs.

Robert Telles, *et al.*,

          Defendants.

Case No. 2:24-cv-00930-APG-MDC

**ORDER DENYING MOTION DIRECTING THE US MARSHAL (ECF NO. 172) AND GRANTING IN PART AND DENYING IN PART MOTION FOR EXTENSION OF TIME FOR SERVICE AND SERVICE BY ALTERATIVE MEANS (ECF NO. 191)**

Defendant/counter claimant Robert Telles' ("Telles") filed a *Motion for Order Directing the US Marshal to Provide Fee Schedule* ("Marshal Service Motion") (ECF No. 172) and *Motion for Extension of Time for Service and for Service by Alternative Means* ("Alternative Service Motion") (ECF No. 191). The Court **DENIES** the Marshal Service Motion, **GRANTS** the Alternative Service Motion in part regarding Telles' request for an extension of time for service, and **DENIES** the Alternative Service Motion in part and without prejudice regarding Telles' request for alternative service. The Court's reasoning is as follows.

## I.    BACKGROUND

This is a case arising from alleged violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., Age Discrimination in Employment Act of 1967, and related Nevada state laws. In sum, plaintiffs allege sex discrimination, age discrimination, religious discrimination, hostile work environment, and retaliation. Telles' operative Counterclaim makes out civil conspiracy and slander *per se* claims. *See ECF No. 144*.

## II.    MARSHAL SERVICE MOTION

Telles requests for marshal service to serve counter-defendant Kimberly McMahon ("McMahon"). *ECF No. 172*. He argues that while he has access to a private process server and is

1

attempting to have McMahon agree to a waiver of service, "the US Marshal would likely succeed in serving [her] at a lower cost." *Id.* at 2.

Foremost, Telles identifies no legal authority permitting the Court to order the United States Marshal Service (USMS) to effectuate service on his behalf. Telles thus failed to provide sufficient points and authorities to support this Motion. *See* LR 7-2(a). Further, the Federal Rules of Civil Procedure permits courts to order the USMS to effectuate service on behalf of plaintiffs and mandates that courts so order if plaintiff is proceeding in his or her case *in forma pauperis* ("IFP") or is a seaman. Fed. R. Civ. P. 4(c)(3). However, Telles is a counterclaimant who is not proceeding IFP in this case and not a seaman. The Court is thus not authorized under the Federal Rules to order marshal service on behalf of Telles. Moreover, the Court finds that Telles is otherwise seeking to properly serve McMahon and that marshal service is not needed at this time.

## III.    ALTERNATIVE SERVICE MOTION

Telles requests for a 30-day extension to serve McMahon, to serve her by alternative means via certified mail, and to notify her of the certified mail service via text and phone call. *ECF No. 191*. The Court grants his request for an extension but denies without prejudice his request for alternative service.

### a.    Telles' Request For An Extension Of Time

Pursuant to Federal Rule of Civil Procedure ("Federal Rule") 4(m), defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).

Telles has shown that a 30-day extension is warranted at this time. In the Alternative Service Motion and attached exhibits, Telles shows that he retained a personal process server who attempted service multiple times at several addresses. *ECF No. 191*. He also attempted to contact McMahon to have her sign the Court's waiver of service form, giving her thirty days to execute the waiver and providing a stamped envelope to return the waiver. *Id.* Given Telles' ongoing efforts, the Court grants plaintiff's request for a 30-day extension of time in order to properly serve McMahon.

**b.    Telles' Request For Alternative Service**

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Federal Rule 4. Federal Rule 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Nevada Rules of Civil Procedure (Nevada Rule) 4.4 governs methods of alternative service. It provides that:

> (1) If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method. (2) A motion seeking an order for alternative service must: (A) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating: (i) the due diligence that was undertaken to locate and serve the defendant; and (ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and (B) state the proposed alternative service method and why it comports with due process.

Nev. R. Civ. P. 4.4(b)(1), (2). When showing that service in impracticable "a litigant need not have exhausted every feasible service option before petitioning the court for service by 'other means.'"

*Neumont University, LLC v. Nickles*, 304 F.R.D. 594, 599 (D. Nev. 2015). An alternative method of service comports with due process when it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Telles requests for service by certified mail to a Las Vegas, Nevada address that he had his personal process server attempt personal service to McMahon in. *ECF No. 191*. However, he has not shown that this method of service comports with due process at this time. Telles provides no evidence that McMahon uses or has used that address to receive mail at any time. While Telles states that the address he requests to serve McMahon by U.S. mail is her current home address, he does not outline how he found that address (i.e. by a skip trace or other method) and if McMahon uses that address to actively receive mail. Telles thus fails to demonstrate that using the Las Vegas, Nevada address for service is reasonably calculated to give McMahon notice. *See Tao v. Murphy, et al.*, No. 2:25-cv-00149-JAD-MDC, 2025 WL 2379625, at *3 (D. Nev. July 11, 2025) (denying service by certified mail to a mail address when plaintiff did not provide sufficient evidence to prove that defendant ever actually used that mail address to receive mail). Therefore, Telles has not shown that serving McMahon by certified mail comports with due process at this time.[1]

## III.   CONCLUSION and ORDER

For the foregoing reasons,

**IT IS ORDERED** that:

1.      Defendant/Counterclaimant Robert Telles' *Motion for Order Directing the US Marshal to Provide Fee Schedule* (ECF No. 172) is **DENIED**.

---

[1] The Court therefore also denies without prejudice Telles' request to notify McMahon of the certified mail service via text and phone call. If Telles raises another request for alternative service and requests to use a phone number as part of that service, he must show that McMahon uses that phone number to receive calls and text messages.

2.    Defendant/Counterclaimant Robert Telles' *Motion for Extension of Time for Service and for Service by Alternative Means* (ECF No. 191) is **GRANTED** in part regarding his request for a 30-day extension to serve Kimberly McMahon and **DENIED** in part and without prejudice regarding his request for alternative service as outlined in this Order.

3.    Defendant/Counterclaimant Robert Telles' must file proof of service regarding Kimberly McMahon by **July 24, 2026**.

DATED: June 24, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.