**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jessica Coleman, *et al.*,<br>Plaintiffs,<br>vs.<br>Robert Telles, *et al.*,<br>Defendants. | Case No. 2:24-cv-00930-APG-MDC<br>**ORDER RE: STIPULATIONS REGARDING DISCOVERY DISPUTE (ECF NOS. 199, 200)** |

The Court has reviewed defendant/Counterclaimant Robert Telles and counter-defendants Jessica Coleman ("Coleman"), Aleisha Goodwin ("Goodwin"), and Rita Reid's ("Reid") (collectively "counter-defendants") stipulations regarding discovery disputes (collectively "Discovery Dispute Stipulations") (ECF Nos. 199, 200). The Court resolves the parties' disputes as discussed below.

## I. BACKGROUND

This is a case arising from alleged violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., Age Discrimination in Employment Act of 1967, and related Nevada state laws. In sum, plaintiffs allege sex discrimination, age discrimination, religious discrimination, hostile work environment, and retaliation.

Defendant/Counterclaimant Robert Telles ("Telles") has filed several counterclaims, and his operative counterclaim makes out civil conspiracy and slander *per se* claims. *See ECF No. 144*.

## II. STIPULATION REGARDING DISCOVERY DISPUTE (ECF NO. 199)

Parties filed the first *Stipulation Regarding Discovery Dispute* ("First Discovery Dispute") (ECF No. 199) regarding Telles' interrogatories requesting for counter-defendants' financial income and assets. *ECF No. 199* at 2-5. Telles also requests for the financial income and assets of counter-defendants' spouses. *See id.* Counter-defendants argue that if they are required to respond to Telles' interrogatories, that the requests be "narrowed as to time and scope." *ECF No. 199* at 8. Telles argues

that the Court should order counter-defendants to respond to his interrogatories and provide "the last three months of financial statements along with proof of currently owned property[.]" *Id.*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In this case, the Court agrees with counter-defendants that Telles' interrogatories lack any reasonable time limit. *See ECF No. 199*. His interrogatories also do not distinguish between the income and assets held by counter-defendants or their spouses individually, and income and assets held as community property. *Id.* Telles also does not show that he is entitled to the financial information regarding the income and assets held by counter-defendants' spouses individually or that counter-defendants currently hold any community property with their spouses. *See id*. Telles' interrogatories for counter-defendants' financial information are thus not proportional to the needs of the case in their current form. *See* Fed. R. Civ. P. 26(b)(1).

Therefore, the First Discovery Dispute is **GRANTED** in part and **DENIED** in part. Counter-defendants' proposal to narrow the time and scope of Telles' interrogatories at issue is granted. Telles' proposal regarding obtaining the last three months of financial statements along with proof of currently owned property is granted in part and denied in part.

In sum, Counter-defendants shall respond to Telles' interrogatories only regarding their individual income within the last three months and current individually owned assets. Telles' request for the financial information of counter-defendants' non-party spouses is denied.

## II. STIPULATION REGARDING DISCOVERY DISPUTE (ECF NO. 200)

In the *Stipulation Regarding Discovery Dispute* ("Second Discovery Dispute") (ECF No. 200), parties dispute over if counter-defendants' responses to Telles' requests for admission ("RFA") responses are sufficient or not. *ECF No. 200*.[1] Counter-defendants argue that their responses were sufficient and need not be amended. *Id.* at 17. Telles disagrees and requests that the Court order counter-

[1] All the RFA responses at issue are listed in the Second Discovery Dispute. *ECF No. 200* at 2-12.

defendants to "unequivocally admit that authenticity of the business records" and "admit or deny the requests" made in the RFAs. *Id.* at 17-18. Telles alternatively proposes that all the RFAs at issue are deemed admitted. *Id.* at 18.

Telles objects to counter-defendants neither admitting or denying that certain business records produced by Clark County were true and correct. *See ECF No. 200* at 2-11 (citing RFAs asking to admit that various business records are true and correct copies). However, counter-defendants did not produce the business records at issue in the RFAs and Telles provides no evidence that they were ever the custodian of records. *See id.* counter-defendants thus properly stated that they could not verify the business records as true and correct after making a reasonable inquiry, as they did not have access and control to the original copies of such records. *See id.*; *AmeriPride Servs. Inc. v. Valley Indus. Servs. Inc.*, No. CIV 2:00-0113-GKK-JFM, 2011 WL 1321873, at *2 (E.D. Cal. April 1, 2011) (stating "'[r]easonable inquiry' is limited to persons and documents within the responding party's control (e.g., its employees, partners, corporate affiliates, etc.)… [i]t does not require the responding party to interview or subpoena records from independent third parties in order to admit or deny a Request for admission."). Counter-defendants also cross-checked and admitted that records were true and correct when they could access the original. *ECF No. 200* at 2-11, 14. Telles provides no evidence that counter-defendants are acting in bad faith or did not conduct a reasonable inquiry, and the Court finds none from the record. Therefore, counter-defendants' responses to Telles' RFAs requesting for them to admit to various business records being true and correct are sufficient.

Upon review of Telles' remaining RFAs at issue, the Court further finds that they are broad and do not seek information relevant to a claim or defense. *See, e.g.*, *ECF No. 200* at 2-4, 7-8, 10-11 (discussing RFA Nos. 43, 46, 57 to Coleman, RFA Nos. 58, 73 to Reid). The Court has "[b]road discretion is vested in the trial court to permit or deny discovery[.]" *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation omitted) (internal quotation marks omitted). "Because discovery must be

both relevant and proportional, the right to discovery, even plainly relevant discovery, is not limitless." *Venegas v. Cnty. of Riverside*, No. 5:18-cv-02293-JLS-SHK, 2025 WL 1420108, at *8 (C.D. Cal. May 2, 2025) (citations omitted). For all the foregoing reasons, the Court exercises its broad discretion to find that counter-defendants' responses to Telles' RFAs are sufficient and will not compel further responses.

Therefore, the Second Discovery Dispute is **GRANTED** in part and **DENIED** in part. Counter-defendants proposal to find that their responses to Telles' RFAs are sufficient and need not be amended is granted. Telles' proposal is denied.

## III. TELLES IS CAUTIONED TO ENSURE THE ACCURACY OF HIS CASE CITATIONS

In the Second Discovery Dispute, Telles quotes from "*Tonabawk Mfg. Inc. v. Spherical Indus. Inc.*, No. 2:23-cv-01007-APG-NJK, 2024 U.S. Dist. LEXIS 187097, 2024 WL 47294495, at *2 (D. Nev. Oct. 25, 2024)" to support his position. *ECF No. 200* at 16. His citation misstates the Westlaw citation number and date of the case. The accurate citation of the case with the Westlaw citation number is: *Tonabawk Mfg. Inc. v. Spherical Indus. Inc.*, No. 2:23-cv-01007-APG-NJK, 2024 WL 4729495, at *2 (D. Nev. October 15, 2024). Telles must thus ensure that his case citations are accurate. Failure to provide accurate citations could result in sanctions.

## IV. CONCLUSION and ORDER

For the foregoing reasons,

**IT IS ORDERED** that:

1. Parties' *Stipulation on Discovery Dispute* (ECF No. 199) is **GRANTED** in part and **DENIED** in part. Counter-defendants Jessica Coleman, Aleisha Goodwin, and Rita Reid's proposal is granted. Defendant/Counterclaimant Robert Telles' proposal is granted in part and denied in part. Counter-defendants Jessica Coleman, Aleisha Goodwin, and Rita Reid shall respond to defendant/counterclaimant Robert Telles' interrogatories only regarding only their individual income within the last three months and current owned individual assets.

2. Parties' *Stipulation on Discovery Dispute* (ECF No. 200) is **GRANTED** in part and **DENIED** in part. Counter-defendants Jessica Coleman, Aleisha Goodwin, and Rita Reid's proposal to find that their responses to defendant/counterclaimant Robert Telles' responses for admission are sufficient is granted. Defendant/Counterclaimant Robert Telles' proposal is denied. The Court will not compel further responses from counter-defendants.
3. Defendant/Counterclaimant Robert Telles is cautioned that his case citations must be accurate and failure to check the accuracy of citations may result in sanctions.

DATED: July 16, 2026.

IT IS SO ORDERED.



Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney,

or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.