# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Jessica Coleman, *et al.*,<br>Plaintiffs,<br><br>vs.<br><br>Robert Telles, *et al.*,<br>Defendants. | Case No. 2:24-cv-00930-APG-MDC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EXTENSION OF TIME FOR SERVICE AND SERVICE BY ALTERATIVE MEANS (ECF NO. 203)** |

Defendant/counter claimant Robert Telles's ("Telles") filed a renewed *Motion for Extension of Time for Service and for Service by Alternative Means* ("Service Motion") (ECF No. 203). The Court **GRANTS** the Service Motion in part regarding Telles's request for an extension of time for service, and **DENIES** the Service Motion in part and without prejudice regarding Telles's request for alternative service. The Court's reasoning is as follows.

## I. BACKGROUND

This is a case arising from alleged violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., Age Discrimination in Employment Act of 1967, and related Nevada state laws. In sum, plaintiffs allege sex discrimination, age discrimination, religious discrimination, hostile work environment, and retaliation. Telles's operative Counterclaim makes out civil conspiracy and slander *per se* claims. *See ECF No. 144*.

Telles filed a prior *Motion for Extension of Time for Service and for Service by Alternative Means* ("prior Service Motion") (ECF No. 191), requesting for an extension of time to serve counter-defendant Kimberly McMahon ("McMahon") and to serve McMahon by alternative means. Specifically, Telles sought to serve McMahon by certified mail to 7928 Lookout Rock Circle,
Las Vegas, Nevada 89129 ("Las Vegas Residential Address") which is located in a gated community. The Court granted Telles's request for an extension of time. *ECF No 202*. However, the Court denied his

request for alternative service for not comporting with due process as he failed to provide evidence that McMahon receives mail or lives at the Las Vegas Residential Address. *Id.*

Telles now timely brings this Service Motion, requesting for serve McMahon by alternative means and for another extension of time to serve her. *ECF No. 203*. Counter-defendants oppose the Service Motion and Telles filed a Reply regarding counter-defendants' Opposition. *ECF Nos. 211*, *241*.

## II. DISCUSSION

Telles requests for a 30-day extension to serve McMahon. *ECF No. 203*. Telles also requests to serve McMahon by certified mail to the Las Vegas Residential Address. *Id*. He further seeks to call and text McMahon's alleged phone number ending in 4644 that the Summons, Second Amended Complaint, and this Order will be left at the Las Vegas Residential Address's gate directory if McMahon does not accept service, and to leave those documents at the gate directory if she cannot be otherwise served. *ECF No. 203*.

### a. Telles's Request For An Extension Of Time

#### i. General Legal Standards

Pursuant to Federal Rule of Civil Procedure ("Federal Rule") 4(m), defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).

#### ii. Analysis

Counter-defendants argue that Telles has not shown diligence because he took no further steps to effectuate service after his first request for an extension was granted. *ECF No. 211* at 5. Counter-

defendants also state that they would be prejudiced from another extension, arguing that Telles seeks to use his Alternative Service Motion to prolong this case and justify reopening discovery. *Id.* at 5-6. While Telles has not shown evidence of further service attempts on McMahon since his Prior Service Motion, he has shown diligence in attempting to serve McMahon by retaining a process server who attempted service multiple times. Telles also explains that he sought another extension to ensure that he has enough time to serve McMahon. *See ECF No. 241* at 3-4. Pursuant to its broad discretion and given the circumstances, the Court thus grants a 30-day extension for Telles to serve McMahon. Telles must file proof of service regarding McMahon by **November 30, 2026**.

However, the Court cautions Telles that further extensions will not be granted absent extraordinary and substituted circumstances or a showing that alternative service to McMahon is proper. In other words and as further explained below, he cannot simply request another extension for service without making further and different attempts to locate and serve McMahon.

**b. Telles's Request For Alternative Service**

**i. General Legal Principles**

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Federal Rule of Civil Procedure ("Federal Rule") 4. Federal Rule 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Personal service to an individual within Nevada is governed under Nevada Rules of Civil Procedure ("Nevada Rule") 4.2 and outside Nevada under Nevada Rule 4.3. Nev. R. Civ. P. 4.2, 4.3. Relevantly, the Nevada Rules states:

> **Rule 4.2. Service Within Nevada**
>
> (a) **Serving an Individual.** Unless otherwise provided by these rules, service may be made on an individual:
>
> (1) by delivering a copy of the summons and complaint to the individual personally;
>
> (2) by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served; or
>
> (3) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

Nev. R. Civ. P. 4.2. Nevada Rule 4.3 also outlines service rules for individuals outside of Nevada. *See* Nev. R. Civ. P. 4.3.

Nevada Rule 4.4 governs methods of alternative service. It provides that "If a statute provides for service, the summons and complaint may be served under the circumstances and in the manner prescribed by the statute." Nev. R. Civ. P. 4.4(a). It also states:

> (1) If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method.
>
> (2) A motion seeking an order for alternative service must:
>
> (A) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating:

(i) the due diligence that was undertaken to locate and serve the defendant; and

(ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and

(B) state the proposed alternative service method and why it comports with due process.

Nev. R. Civ. P. 4.4(b)(1), (2). When showing that service in impracticable, "a litigant need not have exhausted every feasible service option before petitioning the court for service by 'other means.'" *Neumont University, LLC v. Nickles*, 304 F.R.D. 594, 599 (D. Nev. 2015).

**ii. Analysis**

In his current Service Motion, Telles argues that he has established that McMahon lives and receives mail in the Las Vegas Residential Address. The Court is not persuaded by Telles's arguments, which largely restate his prior arguments from his first motion (ECF No. 191), which the Court rejected (ECF No. 202).

Telles attaches exhibits showing that when his process server went to the gated community on April 22, April 24, April 25, and April 27, 2026, the server saw that the gate directory contained the name "McMahon/Rothe[.]" *ECF No. 203*, *Ex. D*. Telles also provides an August 17, 2022 police report that identifies the Las Vegas Residential Address with McMahon. *ECF No. 203*, *Ex. B* at 7.

However, Telles already showed evidence regarding these service attempts on McMahon in his Prior Service Motion and has not shown any evidence of subsequent service attempts. *See ECF No. 191*. The Court previously found that such evidence did not establish that McMahon is currently located in the Las Vegas Residential Address. *See ECF No. 202.* Moreover, the police report that Telles cites to is more than four years old and he fails to provide any new evidence that is more recent.

In sum, the process server's service attempts and the police report do not establish that McMahon currently lives or receives any mail from the Las Vegas Residential Address. Telles thus fails to show that certified mail service to McMahon comports with due process at this time. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (service must comport with due process, which means that it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). His request for service by leaving the Summons, Second Amended Complaint, and this Order at the gate directory also does not comport with due process for the same reasons. [1]

It is further unclear whether personal service to McMahon under Nevada Rule 4.2 is impracticable. Telles fails to address if his process server did a skip trace or undertook any efforts to locate any alternative addresses to serve McMahon. *See ECF No. 211* at 5; *ECF No. 203*. In any subsequent requests for alternative service, Telles must explain the efforts that his process server undertook to locate alternative addresses for McMahon and serve her there.

Given the foregoing, the Court denies Telles's request to serve McMahon by alternative means without prejudice.

//

//

//

//

//

---

[1] Telles also claims that he called the phone number ending in 4644 on June 28, 2026, and received a voice mail indicating the phone number belonged to McMahon. *ECF No. 203*. The Court will consider a request to serve McMahon by text if Telles can also show a "multi-prong" approach to service that comports with due process. *See Google LLC v. Does 1-3*, No. 23-cv-05823-VKD, 2023 WL 8851619, at *2 (N.D. Cal. December 21, 2023) (stating that [w]hile some courts have expressed doubt about whether service by text message alone comports with due process… other courts have approved the use of text messages "as but one piece of a multi-prong approach to service." (citations omitted) (internal quotation marks omitted)).

## III. CONCLUSION and ORDER

For the foregoing reasons,

**IT IS ORDERED** that:

1. Defendant/Counterclaimant Robert Telles' Renewed *Motion for Extension of Time for Service and for Service by Alternative Means* (ECF No. 203) is **GRANTED** in part regarding his request for a 30-day extension to serve Kimberly McMahon and **DENIED** in part and without prejudice regarding his request for alternative service as outlined in this Order.
2. Defendant/Counterclaimant Robert Telles must file proof of service regarding Kimberly McMahon by **November 30, 2026**.
3. Defendant/Counterclaimant Robert Telles is cautioned that further extensions will not be granted absent extraordinary and substituted circumstances or a showing that alternative service to McMahon is proper.

DATED: October 29, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.